CHAVIES, MICHAEL B., Associate Judge.
The appellant raises eight points on appeal and the court affirms as to all points. However, we feel it necessary to discuss point four, where the appellant contends that the trial court erred when it made inquiries of the jury outside of his presence and without a waiver by him.
The applicable rule is Florida Rule of Criminal Procedure 3.180, which states the following, in pertinent part:
(a) Presence of Defendant. In all prosecutions for crime the defendant shall be present:
[[Image here]]
(4) at the beginning of the trial during the examination, challenging, impanel-ling, and swearing of the jury;
(5) at all proceedings before the court when the jury is present;
(6) when evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
[[Image here]]
(b) Presence; definition. A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding and has a meaningful opportunity to be heard through counsel on the issues being discussed.
The initial question then is whether the defendant’s presence is required by procedure. Rule 3.180(a) of the Florida Rules of Criminal Procedure, referred to above, clearly states that “[T]he defendant shall be present at ... all proceedings before the court when the jury is present ....” (emphasis added) In the instant case, while the defendant was absent, an inquiry was *553 made in the courtroom of each member of the jury concerning the occurrence of alleged misconduct among them. This then would appear to be in violation of rule 3.180(a)(5), as this provision clearly requires the defendant to be present in all proceedings when the jury is present before the court. Fla. R.Crim. P. 3.180(a)(5).
However, although it is the defendant’s right to be present at proceedings such as in the instant situation, his presence may be waived under certain circumstances. Where the defendant’s presence is waived by counsel, the court must determine whether the defendant’s waiver was knowing, intelligent, and voluntary. Savino v. State, 555 So.2d 1237 (Fla. 4th DCA 1989), opinion quashed on other grounds, 567 So.2d 892 (Fla.1990). Here, the defendant’s attorney waived his client’s presence before the court without acknowledgment by the defendant. Therefore, this court concludes that because the defendant never agreed to the waiver, error was committed.
The question then becomes, was this error prejudicial or harmful beyond a reasonable doubt, thus warranting a reversal. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). In applying the harmless error test, the court must consider whether or not there was a reasonable possibility that the error affected the verdict. Id. at 1139.
In Coney v. State, 653 So.2d 1009 (Fla.1995), the defendant was excluded from a pre-trial juror challenge proceeding without his consent or ratification. The court, in Coney, applied the “harmless error” test, holding that the erroneous exclusion of the defendant from the pre-trial conference at which juror challenges were exercised constituted mere harmless error since the error involved “a legal issue toward which [the defendant] would have had no basis for input ... ”, and thus, the defendant was not prejudiced by the error. Id. at 1013 (citations omitted).
Similarly, in Mejia v. State, 675 So.2d 996, 999-1000 (Fla. 1st DCA 1996), the defendant’s consent and ratification were not sought in a bench conference during which peremptory challenges were exercised. The Mejia court held that the trial court’s failure to ensure the defendant’s waiver of his presence in situations where the jury is present before the court was harmless, since it was apparent the appellant was not prejudiced, since the error did not have any reasonable possibility of adversely impacting on the defendant’s right to a fair trial.
The facts of this case demonstrate that the trial court was first advised as to the possibility of jury misconduct by the defendant’s sister and mother. The defendant was not present at the time of the alleged misconduct. Next, the jurors were questioned by the trial court concerning their alleged improper discussions of the case among one another. The jurors’ responses to the inquiry were in the negative. In applying the harmless error test to these facts, therefore, it is clear that the defendant’s presence during the inquiry would not have had any impact on the questioning of the jurors, since he lacked first hand knowledge of the circumstances of the alleged misconduct. We, therefore, conclude that the absence of the defendant during this inquiry without his voluntary waiver under these circumstances was harmless.
In reaching this result, however, we wish to emphasize that the more prudent practice is to have the defendant present at all phases of the trial or, at the very least, insure his presence when waiver is being considered by the court.
The decision of the lower court is affirmed.
WARNER, C.J. and SHAHOOD, J„ concur.