830 So.2d 243 (2002)
Steven HULETT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2169.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, C.J.
We hold the trial court erred in denying Hulett's pro se post-conviction motion to withdraw his plea without holding an evidentiary hearing. The record reflects Hulett's motion was filed purportedly pursuant to Florida Rule of Criminal Procedure 3.170(f). Hulett, acting pro se, failed to *244 realize rule 3.170(f) only applies to motions filed before sentencing. In adopting the arguments advanced by the state, the trial court found it had no basis to rule on Hulett's motion under rule 3.170(f) because sentencing had already occurred, and denied his motion without addressing its merits.
Although rule 3.170(f) did not provide the trial court with a basis to rule on Hulett's motion, rule 3.170(l) did where the motion was filed within thirty (30) days of sentencing. On similar facts, this court recently held where a pro se litigant mistakenly cited rule 3.170(f) instead of 3.170(l) in moving for post-sentencing relief, the litigant should not have been penalized for such and the trial court should have addressed the merits of his motion. See Ventura v. State, 820 So.2d 1026, 1027 (Fla. 4th DCA 2002)(recognizing hearing on motion filed under rule 3.170 is a critical stage in the criminal proceedings). Hulett's motion, which raises allegations his plea was involuntary, raises a colorable claim under rule 3.170(l). Fla. R.App. P. 9.140(b)(2)(A)(ii)(c)[1]. As such, we hold Hulett was entitled to a hearing on the merits of his post-sentencing motion to withdraw his plea and accordingly reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.170(l) contains a scrivener's error. The cross reference in that rule to Florida Rule of Appellate Procedure 9.140(b)(2)(B)(I)-(v) should actually be to rule 9.140(b)(2)(A)(ii)(a)-(e). See Roesch v. State, 819 So.2d 862, 863 n. 1 (Fla. 1st DCA 2002).