SILBERMAN, Judge.
Vincent Macaluso appeals from the trial court’s order denying his motion for post-conviction relief filed under Florida Rules of Criminal Procedure 3.800 and 3.850[1] and his motion to correct illegal sentence filed under rule 3.800. We affirm the denial of the latter motion without comment. With respect to the motion for postconviction relief, we affirm in part and reverse in part.
The motion for postconviction relief alleged several issues that the trial court correctly determined were time barred under rule 3.850. However, Macaluso also asserted that the predicate offenses used to support his adjudication as a habitual felony offender were either nonqualifying misdemeanors or felonies that fell outside of the applicable five-year time frame under the habitual offender statute. See § 775.084(l)(a), Fla. Stat. (1995). That claim is cognizable under rule 3.800 and may be raised at any time. See Fla. R.Crim. P. 3.800(a); Hollingsworth v. State, 802 So.2d 1210, 1211 (Fla. 2d DCA 2002). Because the trial court incorrectly denied the claim concerning predicate offenses as time barred, and did not otherwise address the claim, we reverse. On remand, if the trial court again denies relief, it must attach to its order those portions of the record supporting denial.
Affirmed in part, reversed in part, and remanded.
DAVIS and COVINGTON, JJ, Concur.

. The actual title of Macaluso's motion was "motion to amend due to typographical error in case number, motion for postconviction relief, to correct an illegal sentence or vacate judgment and sentence.”