884 So.2d 316 (2004)
Martin MOURRA, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D02-5704, 2D02-5705, 2D02-5803.
District Court of Appeal of Florida, Second District.
September 8, 2004.
*318 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Martin Mourra appeals his judgment and sentence for the offense of habitual driving while license suspended.[1] He also appeals two orders revoking his probation in two other cases and imposing concurrent five-year terms of imprisonment, again each for the crime of habitual driving while license suspended. The judgment, sentences, and orders are all the result of pleas that Mr. Mourra entered on November 14, 2002. We affirm the judgment, sentences, and orders revoking probation.
After the sentencing hearing and entry of the judgment, sentences, and orders revoking probation, but prior to filing a notice of appeal, Mr. Mourra filed a pro se motion to withdraw his pleas pursuant to Florida Rule of Criminal Procedure 3.170(I).[2] Mr. Mourra filed this pro se motion at a time when he was represented by counsel. The trial court, utilizing procedures comparable to those used to deny a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, summarily denied the motion without a hearing and attached the transcript of the plea hearing to refute the allegations in the motion. We conclude that the trial court should not have considered the merits of this motion, but should have stricken it as unauthorized. We write to explain *319 the reasons why such pro se motions should normally be stricken.
Rule 3.170(l) provides:
Motion to Withdraw the Plea after Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e).
Rule 3.170(l) was adopted in 1997 as part of the Florida Supreme Court's attempt to effectuate the Criminal Appeal Reform Act. See In re Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla.1996); Padgett v. State, 743 So.2d 70, 73 (Fla. 4th DCA 1999). In In re Amendments, the supreme court explained:
Consistent with the legislature's philosophy of attempting to resolve more issues at the trial court level, we are also promulgating Florida Rule of Criminal Procedure 3.170(l), which authorizes the filing of a motion to withdraw plea after sentencing within thirty days from the rendition of the sentence, but only on the grounds recognized by Robinson [v. State, 373 So.2d 898 (Fla.1979)] or otherwise provided by law.
696 So.2d at 1105. Thus, the filing of a rule 3.170(l) motion was intended to occur as a part of the initial criminal proceedings. It is a critical stage of those proceedings during which the defendant is entitled to counsel. Padgett, 743 So.2d at 72.
One of the benefits of rule 3.170(l) is that it provides the defendant with the right to seek to withdraw a plea at a time when the defendant is still represented by counsel. See Fla. R.Crim. P. 3.111(e). Moreover, this motion stays rendition of the final order for appellate purposes. See Fla. R.App. P. 9.020(h). Thus, if the motion is denied, the defendant is not unrepresented on the appeal of this issue because the denial of the order is reviewed as part of the direct appeal. This rule effectively gives a defendant a right to counsel for the first postconviction motion[3] and for the appeal that may flow from that motion.
This benefit, however, may not be entirely cost-free. Some of the grounds for relief under rule 3.170(l) are also grounds for relief under rule 3.850. It has long been the rule that a prisoner may not raise an issue in a motion filed pursuant to rule 3.850 if the matter was or could have been raised on direct appeal. See rule 3.850(c); Jenkins v. State, 794 So.2d 654 (Fla. 2d DCA 2001); Jones v. State, 832 So.2d 207, 208 (Fla. 1st DCA 2002). Thus, although the case law is not well developed, the creation of rule 3.170(l) may significantly limit the issues that can be raised under rule 3.850 regarding the withdrawal of a plea. See, e.g., Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002) (stating that defendant who failed to file 3.170(l) motion was "constrained ... to limit his [postconviction] challenge regarding the voluntariness of his plea to allegations regarding the ineffectiveness of defense counsel"); Jackson v. State, 801 So.2d 1024 (Fla. 5th DCA 2001) (holding that failure to file rule 3.170(l) motion did *320 not preclude claim that counsel was ineffective in failing to file motion to withdraw plea); see also Dow v. State, 823 So.2d 830, 832 (Fla. 2d DCA 2002) (Altenbernd, C.J., concurring) (opining that defendant who becomes aware of involuntary nature of his plea immediately upon sentencing should be constrained to raise the issue within thirty days under rule 3.170(l)).
On the other hand, a defendant may appeal a violation of a plea agreement or an involuntary plea on direct appeal only "if preserved by a motion to withdraw plea." Fla. R.App. P. 9.140(b)(2)(A)(ii). It is possible that a defendant cannot and should not raise an unpreserved violation of a plea agreement or an involuntary plea on direct appeal, but should wait to challenge those issues using the established procedures of rule 3.850. See Dooley v. State, 789 So.2d 1082 (Fla. 1st DCA 2001) (rejecting State's argument that defendant was precluded from raising claim regarding involuntary nature of his plea in rule 3.850 motion because defendant had opportunity to raise claim in timely rule 3.170(l) motion); cf. Rogers v. State, 864 So.2d 521 (Fla. 5th DCA 2004) (recognizing that claims that could not have been known on date plea was entered, such as claims regarding failure to inform defendant of threat of deportation, could not be precluded by failure to file timely 3.170(l) motion).
Until the case law develops more fully in this area, it is safer for defendants and their trial counsel to assume that many issues regarding involuntary pleas or violation of plea agreements must, if known at the time of sentencing, be raised in a motion pursuant to section 3.170(l) because they may no longer be raised in a rule 3.850 motion except under the more demanding procedural rules and the more difficult burden of persuasion that apply to claims of ineffective assistance of counsel. In essence, a defendant who has not sought relief pursuant to rule 3.170(l) but thereafter files a motion pursuant to rule 3.850 may often be limited to a claim that trial counsel was ineffective for failure to file a timely motion pursuant to rule 3.170(l).
Given the purpose of these motions as explained in In re Amendments and their possible preclusive effects, trial courts should not generally accept pro se motions under this rule. If a defendant is represented by a licensed and trained attorney, a defendant should not be expected to file pro se motions within a narrow window, particularly when doing so could easily prejudice his or her case. Instead of filing such a pro se motion, a defendant should make a timely request to his or her attorney to file the motion.
There are also practical reasons to require counsel to file these motions when they can be filed in good faith. Pro se motions are often filed without proper service and without the knowledge of the lawyer who is still representing the defendant. As a result, these motions often do not receive correct processing in the trial court. For example, if counsel files a notice of appeal a few days after the client files a motion for relief under rule 3.170(l), the motion frequently appears in the appellate record without resolution in the trial court.[4]
As recently reiterated by the Florida Supreme Court, a defendant does not have a constitutional right to "hybrid" representationthat is, to be represented *321 both by counsel and by himself. See Logan v. State, 846 So.2d 472, 474 (Fla.2003). Thus, pleadings filed by a criminal defendant who is represented by counsel are generally treated as a nullity, id. at 476 (citing Lewis v. State, 766 So.2d 288, 289 (Fla. 4th DCA 2000)), unless they include some unequivocal request to discharge counsel, Logan, 846 So.2d at 477-78. The same rule should generally apply to pro se motions pursuant to rule 3.170(l).
In this case, Mr. Mourra's pro se motion to withdraw his pleas was filed at a time when he was represented by counsel. Although the motion may have indicated some dissatisfaction with his attorney, it did not seek to discharge him. Mr. Mourra's motion should have been stricken and treated as a nullity. See Harris v. State, 818 So.2d 567, 568-69 (Fla. 2d DCA 2002).[5]
We note that the circuit court denied the motion as facially insufficient, utilizing the procedures specified in rule 3.850. There are cases from this court that analyze motions to withdraw pleas pursuant to rule 3.170(l) in a manner similar to the analysis used for motions to withdraw pleas pursuant to rule 3.850. See, e.g., Iaconetti v. State, 869 So.2d 695, 699 (Fla. 2d DCA 2004); Harris, 818 So.2d 567. These cases consider whether a rule 3.170(l) motion states a facially sufficient claim for relief or whether the claim is conclusively refuted by the record. There is some logic to this approach. However, this analysis springs in large part from the specific procedures expressly set forth in rule 3.850. No such procedures are included within rule 3.170(l). Thus, it is possible that trial courts should simply conduct hearings on these motions more akin to the hearings held on other motions prior to direct appeal. Further, the attachments to an order denying a rule 3.170(l) motion utilizing the rule 3.850 procedures invariably duplicate the record already provided in a direct appeal. Because we conclude the motion should have been stricken, we need not address whether the circuit court properly used these procedures.
Affirmed with directions to strike the rule 3.170(l) motion on remand.
KELLY and VILLANTI, JJ., Concur.
NOTES
[1] See § 322.34(5), Fla. Stat. (2002).
[2] Mr. Mourra's motion mistakenly referred to subsection (f) of rule 3.170, which provides for the withdrawal of pleas prior to sentencing. Because the motion was filed after sentencing but within thirty days from the entry of the judgments, the trial court properly treated the motion as one filed in accordance with rule 3.170(l). See Hulett v. State, 830 So.2d 243, 244 (Fla. 4th DCA 2002).
[3] Of course, the issues raised in a rule 3.170(l) motion may generate a conflict between the original trial lawyer and his or her client. Under those circumstances, the court may be required to appoint substitute counsel for the purpose of resolving the motion. See Iaconetti v. State, 869 So.2d 695, 699 (Fla. 2d DCA 2004); Daniel v. State, 865 So.2d 661 (Fla. 2d DCA 2004).
[4] Florida Rule of Appellate Procedure 9.020(h)(3) does not deem such a motion abandoned by a premature appeal. The appellate court is actually supposed to hold the appeal in abeyance until the trial court renders an order disposing of the rule 3.170(l) motion.
[5] We are not inclined to believe that an allegation of misadvice without a motion to discharge trial counsel is sufficient to justify a pro se pleading that might have unintended preclusive effect on postconviction proceedings. But see Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004).