ALTENBERND, Chief Judge.
Heather Lynn Becker appeals her judgments and sentences for one count of felony fleeing and eluding, and one count of aggravated assault on a law enforcement officer. On February 23, 2004, she pleaded no contest to these offenses. The trial court orally imposed concurrent sentences of three years’ imprisonment. Although the written sentence reflects that the three-year sentence is a minimum mandatory term relating to a firearm, it is clear from the record that this minimum mandatory term was imposed for the aggravated assault on a law enforcement officer. See § 784.07(2)(e), Fla. Stat. (2002). Her attorney has filed an Anders[1] brief. We affirm but comment on one procedural aspect of the case.
*441 Ms. Becker’s attorney filed a notice of appeal the day after Ms. Becker was sentenced in open court. Three days later, Ms. Becker filed a pro se “motion for reduction or modification of sentence.” This handwritten document refers to Florida Rule of Criminal Procedure 3.800. It is unclear what portion of that rule Ms. Becker was attempting to invoke. The content of the motion seems to argue that her plea was involuntary, but her motion requests a downward departure sentence. Her motion does not seek to withdraw her plea.
The trial court denied this motion on March 9, 2004, ruling that it was without jurisdiction to consider the motion because the case was pending on appeal. At that point, however, the judgments and sentences had not been reduced to writing and filed in the court file. Several weeks later, the written judgments and sentences were filed in the court file.
Technically, the notice of appeal was premature because it was filed prior to the rendition of the judgments and sentences. See Fla. R.App. P. 9.110(i). Although this premature notice was sufficient to vest jurisdiction in this court to review the judgments and sentences, we are not convinced that it divested the trial court of jurisdiction to rule on the motion. That said, the motion does not allege a sufficient claim under rule 3.800(a) because the sentences are facially legal; the sentence for the aggravated assault is mandated by statute. The trial court could not reduce this mandatory sentence pursuant to rule 3.800(c). If this motion is deemed to be filed pursuant to rule 3.170(0, it was improper because it was not filed by counsel, see Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004), and insufficient because it did not seek to withdraw the plea.
Accordingly, we affirm the trial court’s judgments and sentences without prejudice to Ms. Becker’s right to seek to withdraw her plea pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
CASANUEVA and KELLY, JJ., Concur.

. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).