907 So.2d 683 (2005)
Richard Michael MATTIA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3197.
District Court of Appeal of Florida, Second District.
July 29, 2005.
James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Richard Michael Mattia appeals his convictions and sentences and the trial court's order denying his motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.170(l). We affirm without comment the convictions and sentences, but we reverse the order denying the motion to withdraw plea because the trial court conducted an evidentiary hearing on the motion in Mattia's absence and without Mattia waiving his right to be present.
A motion to withdraw plea filed pursuant to rule 3.170 is a critical stage of the proceedings in the trial court, and a defendant is entitled to be present at the hearing on his motion. See Newsome v. State, 877 So.2d 938, 940 (Fla. 2d DCA 2004); Garcia v. State, 846 So.2d 660, 661 (Fla. 2d DCA 2003). Although Mattia's counsel indicated at the hearing that he did not believe Mattia's presence was necessary to establish a basis for withdrawal of the plea, the record does not reflect that Mattia knowingly, freely, and voluntarily waived his right to be present. See Turner v. State, 530 So.2d 45, 49 (Fla.1988); Singletary v. State, 870 So.2d 851, 852 (Fla. 3d DCA 2003); Tarver v. State, 741 So.2d 551, 553 (Fla. 4th DCA 1999). The record also does not reflect that Mattia was even aware that a hearing would take place or that he had a right to be at the hearing. Additionally, the record does not support a conclusion that Mattia's absence *684 from the evidentiary hearing was harmless. Cf. Turner, 530 So.2d at 49-50 (noting that under the circumstances Turner's "absence did not thwart the fundamental fairness of the proceedings" and was harmless).
Accordingly, we reverse the order denying the motion to withdraw plea and remand for the trial court to conduct a new hearing. Mattia shall be present at the hearing unless he knowingly, freely, and voluntarily waives his right to be present. Because a new hearing is required, Mattia's challenge to the trial court's findings in the order denying the motion to withdraw plea is moot. We also note that while the record does not support Mattia's argument that he was denied the right to conflict-free counsel, if counsel's position becomes adverse to Mattia he would be entitled to the appointment of conflict-free counsel to represent him at the new hearing. See Newsome, 877 So.2d at 940.
Convictions and sentences affirmed; order denying motion to withdraw plea reversed and remanded with directions.
ALTENBERND and WALLACE, JJ., Concur.