909 So.2d 998 (2005)
James MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3502.
District Court of Appeal of Florida, Second District.
September 14, 2005.
ALTENBERND, Judge.
James Murray appeals the trial court's order denying his pro se motion to withdraw plea. The motion does not state *999 whether Mr. Murray intended to file the motion as one pursuant to Florida Rule of Criminal Procedure 3.170(l) or Florida Rule of Criminal Procedure 3.850. It was delivered to prison officials exactly thirty days after his sentence was rendered and was timely as a motion pursuant to rule 3.170(I). It does not contain the content required by rule 3.850(c). The motion technically was "filed" with the prison while Mr. Murray was still represented by appointed counsel, and that counsel did not file a notice of appeal. The motion did not arrive in the trial court until after the time to appeal had expired, unless the motion stayed rendition for appeal. See Fla. R.App. P. 9.020(h).
The trial court was understandably confused as to whether to treat this motion as filed pursuant to rule 3.170(l) or 3.850. It decided to treat the motion as a nullity under rule 3.170(l), but then treated it as a motion for postconviction relief filed pursuant to rule 3.850 and summarily denied the motion.
We conclude that the trial court correctly treated the motion as a nullity under rule 3.170(l), but that the court should not have proceeded to dispose of the motion under rule 3.850. A timely rule 3.170(l) motion filed pro se while the defendant is still represented by appointed counsel is a nullity which must be stricken and should not be considered by the trial court as any other type of motion. See Sharp v. State, 884 So.2d 510 (Fla. 2d DCA 2004); Mourra v. State, 884 So.2d 316 (Fla. 2d DCA), review denied, 891 So.2d 552 (Fla.2004). We have the luxury of Mr. Murray's brief, which the trial court did not have. It explains that he filed the motion with virtually no preparation because he understood that he only had thirty days in which to file the motion. If the motion is treated as filed under rule 3.850, it may serve to limit Mr. Murray's right to file a well-conceived motion during the two years allowed for such a motion. We continue to believe that such motions should simply be stricken.
Accordingly, we reverse the trial court to the extent that the order treats the motion as one filed pursuant to rule 3.850 and disposes of it on the merits under that rule. Our decision is without prejudice to any right Mr. Murray may have to seek timely relief pursuant to a sworn rule 3.850 motion.
We note that the trial court, while explaining its ruling on the motion under rule 3.850, stated that this court in Mourra held that the failure to file a timely rule 3.170(l) motion prevents a claim of involuntary plea from being raised in a rule 3.850 motion unless the claim alleges that the plea is involuntary due to the ineffective assistance of trial counsel. This court did not so hold, but only remarked as to the uncertainty of the state of the law in this area:
Thus, although the case law is not well developed, the creation of rule 3.170(l) may significantly limit the issues that can be raised under rule 3.850 regarding the withdrawal of a plea.
Mourra, 884 So.2d at 319 (emphasis added) (citations omitted).
Reversed and remanded with directions.
CASANUEVA and SILBERMAN, JJ., Concur.