912 So.2d 694 (2005)
Vincent MACALUSO, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1214.
District Court of Appeal of Florida, Second District.
October 28, 2005.
*695 PER CURIAM.
Vincent Macaluso, Jr., appeals the denial of his postconviction motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the postconviction court to enter an order of dismissal because Macaluso's rule 3.800(a) motion is facially insufficient.
Macaluso originally filed a motion raising both rule 3.800(a) and rule 3.850 claims. In Macaluso v. State, 836 So.2d 1080, 1080 (Fla. 2d DCA 2003) ("Macaluso I"), this court affirmed the postconviction court's denial of Macaluso's motion on all claims except for his claim that the predicate prior convictions relied on to habitualize his sentence, which was based on a negotiated plea, were either nonqualifying misdemeanors or felonies that fell outside the five-year time frame under section 775.084(1)(a), Florida Statutes (1995). The postconviction court had denied this claim as time barred under rule 3.850. We reversed, determining that this claim was cognizable under rule 3.800(a) and could be raised at any time. Macaluso I, 836 So.2d at 1080; see also Bover v. State, 797 So.2d 1246, 1247 (Fla.2001) (holding that such challenges are cognizable under rule 3.800(a)); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (en banc) (same).
On remand, the postconviction court improperly considered the claim's merit without first determining its facial sufficiency. See Prince v. State, 903 So.2d 1068, 1069 (Fla. 2d DCA 2005) (explaining that following the cognizability prong, a postconviction court should determine a rule 3.800(a) claim's facial sufficiency before considering its merit). We acknowledge that the directions given to the postconviction court upon remand in Macaluso I could be read to suggest that this court had determined facial sufficiency as well as cognizability. However, the actual holding of the court was that the action was cognizable under rule 3.800(a) and thus was not barred by the two-year limitation of rule 3.850. Macaluso I, 836 So.2d at 1080. The directions that were given only reminded the postconviction court of the necessity of attaching the portions of the record that conclusively refuted the claim if the postconviction court decided to deny the relief. Although the directions may have focused the postconviction court's attention on the denial of the claim, the first task that should have been undertaken was the determination of facial sufficiency.
A facially sufficient attack on the legality of a habitual felony offender ("HFO") sentence requires the defendant to affirmatively allege that the predicate prior convictions do not exist as a matter of law. Bover, 797 So.2d at 1247; see also *696 Lee v. State, 731 So.2d 71, 73 (Fla. 2d DCA 1999) ("If a defendant who has been sentenced as a habitual offender can prove that his prior offenses do not qualify him as a habitual offender, he will have established that his sentence is illegal."); Judge, 596 So.2d at 78 ("[W]e conclude that a habitual offender sentence is illegal for purposes of rule 3.800(a) only if ... a prior offense essential to categorize the defendant as a habitual offender does not actually exist.") (emphasis supplied).
Macaluso's motion is facially insufficient because it fails to affirmatively allege that the predicate prior convictions used to habitualize him do not exist as a matter of law. Macaluso merely alleges that the prior convictions listed in the presentence investigation contained in the record do not establish the required predicate for sentencing him as an HFO. This is patently different than alleging that the predicate prior convictions do not exist as a matter of law because his entire criminal record lacks any qualifying felonies that fall within the five-year time frame under section 775.084(1)(a).
Accordingly, we reverse the postconviction court's denial of relief and remand with instructions to enter an order of dismissal.
Reversed and remanded with instructions.
DAVIS, CANADY, and VILLANTI, JJ., Concur.