932 So.2d 1169 (2006)
Xavier Tremain JOHNSON a/k/a Zay Johnson, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3407.
District Court of Appeal of Florida, Second District.
June 30, 2006.
*1170 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Xavier Johnson appeals his judgments and sentences for multiple offenses in three cases, entered after he pleaded guilty. Johnson raises only one issue on appeal  that the trial court should have appointed conflict-free counsel to represent him on his pro se motion to withdraw his plea. We affirm Johnson's judgments and sentences but reverse and remand for the trial court to strike Johnson's pro se motion.
Johnson filed his pro se "Motion to Withdraw Plea and Demand for Speedy Trial" on May 26, 2005. At the time, he was represented by counsel. The trial court orally denied the motion. Because Johnson was represented by counsel, the trial court should have treated Johnson's motion as a nullity unless it included some unequivocal request to discharge counsel. See Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004). Johnson's motion states, "My attorney Sheri Murphy led me to believe and/or encouraged my misapprehension of the nonbinding character of the plea agreements sentencing recommendation; resulting in my erroneous belief that the sentencing recommendation was a binding agreement pursuant to Florida Statute Criminal Procedure Rule 3.170(l)." In Mourra, this court stated, "We are not inclined to believe that an allegation of misadvice without a motion to discharge trial counsel is sufficient to justify a pro se pleading that might have unintended preclusive effect on postconviction proceedings." Id. at 321 n. 5. Like the motion in Mourra, Johnson's motion indicated some dissatisfaction with his attorney, but it did not seek to discharge her. Therefore, Johnson's motion should have been treated as a nullity. See id. Accordingly, we reverse the trial court's denial of Johnson's pro se motion to withdraw his plea and remand with directions to strike the pro se motion.
Affirmed in part, reversed in part, and remanded to strike pro se motion to withdraw plea.
SILBERMAN and KELLY, JJ., Concur.