940 So.2d 613 (2006)
Alexander Roman LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3735.
District Court of Appeal of Florida, Second District.
November 3, 2006.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Alexander Lopez was charged with five crimes after he stole an automobile and fled from the police. The State offered him a plea agreement that called for eighteen months' imprisonment. Lopez rejected that offer and instead entered an open plea to the court. The circuit court sentenced him to fifteen years' imprisonment for his second-degree felony charge, aggravated *614 fleeing and eluding; concurrent five-year prison terms for his two third-degree felony charges, auto theft and leaving the scene of an accident with injuries; and time served for the remaining two charges. Subsequently, the court denied Lopez's motion to withdraw the plea filed pursuant to Florida Rule of Criminal Procedure 3.170(l). In this appeal, Lopez challenges the denial of that motion. We reverse and remand for further proceedings.
Lopez's attorney initially filed a rule 3.170(l) motion claiming that Lopez did not realize he could be sentenced to fifteen years' imprisonment for his crimes. The motion also stated that "[t]here are other issues pertinent to the withdrawal of the plea that the Defendant will bring out at the time of the hearing." The next day, Lopez filed a pro se rule 3.170(l) motion alleging that his counsel had advised him that if he pleaded open to the court rather than accepting the State's plea offer, he would be sent to a drug treatment program instead of being sentenced to imprisonment. He claimed conflict with counsel and asserted that he received ineffective assistance. The court did not address Lopez's pro se argument at the hearing but denied relief based on the issue raised in counsel's motion.
The State argues that the court correctly ignored the grounds raised in Lopez's pro se motion because, under the general rule in this district, a pro se rule 3.170(l) motion filed by a represented defendant will be treated as a nullity unless the defendant unequivocally asks to discharge his counsel. Mourra v. State, 884 So.2d 316 (Fla. 2d DCA), review denied, 891 So.2d 552 (Fla.2004). The Mourra decision was grounded on the fact that a defendant is not entitled to hybrid representation, i.e., representation by both his counsel and himself. Mourra, 884 So.2d at 320-21 (citing Logan v. State, 846 So.2d 472, 474 (Fla.2003)). But the court was also concerned that a defendant's ill-advised pro se rule 3.170(l) motion might prejudice his case, or have an unintended preclusive effect. Id. at 320, 321 n. 5.
In this case, the general rule announced in Mourra would not require that Lopez's pro se motion be treated as a nullity. Lopez was represented by an attorney, who filed the first rule 3.170(l) motion, which specifically stated that Lopez would raise additional issues at the hearing. We view Lopez's subsequent pro se filing not as an attempt to represent himself, but rather as an addendum to counsel's motion raising additional issues, as counsel's motion itself contemplated.
Counsel represented Lopez at the rule 3.170(l) hearing. But at that hearing, neither counsel nor the court questioned Lopez about the issues raised in his pro se motion. That motion specifically asserted a conflict with counsel, based on counsel's alleged misadvice and ineffective assistance, and it alleged facts that could support Lopez's contention. As we noted in Mourra, "the issues raised in a rule 3.170(l) motion may generate a conflict between the original trial lawyer and his or her client. Under those circumstances, the court may be required to appoint substitute counsel for the purpose of resolving the motion." 884 So.2d at 319 n. 3. Because of the clear conflict raised in this case, the court should have appointed conflict-free counsel to represent Lopez. See Garcia v. State, 846 So.2d 660, 661 (Fla. 2d DCA 2003) (noting that a rule 3.170(l) motion is a critical stage proceeding); Miller v. State, 838 So.2d 1213 (Fla. 2d DCA 2003) (holding that a defendant is entitled to conflict-free counsel to assist him in a 3.170(l) proceeding).
Accordingly, we reverse the denial of Lopez's rule 3.170(l) motion and remand *615 for further proceedings. We direct the circuit court to appoint conflict-free counsel to assist Lopez in those proceedings.
Reversed and remanded.
SALCINES and SILBERMAN, JJ., Concur.