945 So.2d 657 (2007)
Leon KERNEY, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-3278.
District Court of Appeal of Florida, Second District.
January 17, 2007.
*658 Leon Kerney, Jr., pro se.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Respondent.
WHATLEY, Judge.
Leon Kerney, Jr., in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises a single ground alleging ineffective assistance of appellate counsel. Kerney pleaded no contest to one count of sexual activity constituting sexual battery with a person older than twelve years of age but less than eighteen years of age by a person in familial or custodial authority. After sentencing, Kerney filed a pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l), which motion was denied by order of the trial court. Appellate counsel, in the appeal from the judgment and sentence, filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the petition, Kerney alleged that appellate counsel was ineffective in failing to argue that the trial court erred in denying the motion to withdraw the plea that was filed postsentencing pursuant to Florida Rule of Criminal Procedure 3.170(l).[1]
We deny the petition for two reasons. First, Kerney has neither alleged nor established that he was not represented by trial counsel at the time he moved to withdraw his plea. Where a defendant is *659 represented by counsel, a motion to withdraw a plea is a nullity and should be stricken unless the motion includes an unequivocal request to discharge counsel. See Johnson v. State, 932 So.2d 1169, 1170 (Fla. 2d DCA 2006). Kerney's pro se motion did not include an unequivocal request to discharge trial counsel. Kerney has not established prejudice because he has not shown that the motion was not a nullity. Second, Kerney's motion to withdraw contained only conclusory statements and did not present any facially sufficient ground for relief.[2] Where a defendant files a facially insufficient rule 3.170(l) motion, he is not entitled to an evidentiary hearing and the trial court may summarily deny the motion. See Harris v. State, 818 So.2d 567, 568 (Fla. 2d DCA 2002).
The petition is denied. Our ruling in this case is without prejudice to any ability Kerney may have to file a timely, facially sufficient motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] In the initial Anders brief, appellate counsel stated that Kerney's motion to withdraw was untimely filed. However, the motion was timely filed pursuant to the mailbox rule.
[2] Kerney's motion to withdraw the plea contained no facts in support of the claims raised therein. See Bogan v. State, 832 So.2d 206 (Fla. 2d DCA 2002) (holding that a rule 3.170(l) motion was properly summarily denied where the movant claimed that the plea was involuntarily entered because he was coerced by trial counsel but provided no facts in support of this claim). Furthermore, the motion contained no allegation that the plea was involuntarily entered. Kerney alleged only that he "did not understand his plea and was pressure [sic] by his attorney to except [sic] this plea." Although a trial attorney may not coerce a client into pleading, it is not inappropriate for counsel to "pressure" a client to accept a plea offer that the attorney deems to be in the client's best interests. In the other claim in the motion, Kerney alleged that trial counsel failed to object to a sentence that was "outside" of the sentencing guidelines range. Kerney was convicted of a first-degree felony and was sentenced to twenty years in prison under the Criminal Punishment Code. His sentence was not outside the guidelines, nor was it an illegal sentence. See § 794.011(8)(b), Fla. Stat. (2003); Fla. R.Crim. P. 3.992.