956 So.2d 550 (2007)
Archie FORTE, a/k/a Archie Forte, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2554.
District Court of Appeal of Florida, Second District.
May 23, 2007.
*551 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Archie Forte appeals his judgment and sentences for one count of racketeering and one count of conspiracy to racketeer. Mr. Forte entered a negotiated plea of guilty to the charges. In exchange, the State dropped numerous charges against Mr. Forte and agreed to concurrent sentences of eight years in prison followed by ten years' probation. After the judgment and sentences were entered in accordance with the plea agreement, Mr. Forte filed a pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l). The circuit court addressed this motion with three alternative rulings, holding that the motion was untimely, that the pro se motion should be stricken as a nullity because it was not filed by counsel, and that the motion should be denied on the merits.
This motion was timely. See Haag v. State, 591 So.2d 614, 617 (Fla.1992) (holding that filings by incarcerated pro se litigants are deemed to be filed with the court on the date the prisoner provides the document to prison officials for mailing). Thus, the portion of the circuit court's order finding the motion untimely was in error. Nevertheless, we affirm the portion of the circuit court's order which held that the motion, which Mr. Forte filed pro se at a time when he was represented by counsel, should be stricken. See Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004). Because the motion was properly stricken, the court should not have alternatively sought to deny the motion on its merits.
We thus affirm the judgment and sentences. The order on the motion to withdraw plea properly strikes the motion to withdraw plea and shall not be interpreted as an adjudication on the merits of any claim Mr. Forte may have to withdraw his plea by way of a motion for postconviction relief.
Affirmed.
SALCINES and WALLACE, JJ., Concur.