981 So.2d 676 (2008)
Everett Robert JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3919.
District Court of Appeal of Florida, Second District.
May 23, 2008.
*677 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Everett Robert Jones, who entered into a plea agreement, appeals his convictions for robbery, attempted robbery, possession of cocaine, and possession of drug paraphernalia. On appeal, Jones challenges the trial court's striking of his pro se motion to withdraw plea and the trial court's denials of motions filed by counsel to withdraw plea and to correct sentencing error. We approve the trial court's striking of Jones's pro se motion to withdraw plea and affirm the denial of the motion to correct sentencing error, but we reverse and remand for a new hearing on the motion to withdraw plea filed by trial counsel.
After sentencing, Jones filed a pro se motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(l). He raised several claims, including two claims relating to trial counsel's representation of him. However, he did not seek to discharge his counsel. At a hearing on the pro se motion, Jones's trial counsel stated that she could not adopt Jones's pro se motion to withdraw plea because it alleged ineffective assistance of counsel. The trial court orally struck the motion because it had not been adopted by trial counsel and allowed counsel to file a new motion on whatever grounds trial counsel deemed appropriate. Because Jones was represented by counsel when he filed his pro se motion to withdraw plea, his motion was a nullity and was properly stricken by the trial court. See, e.g., Kerney v. State, 945 So.2d 657, 658-59 (Fla. 2d DCA) ("Where a defendant is represented by counsel, a motion to withdraw a plea is a nullity and should be stricken unless the motion includes an unequivocal request to discharge counsel."), review denied, 965 *678 So.2d 122 (Fla.2007); Johnson v. State, 932 So.2d 1169, 1170 (Fla. 2d DCA 2006); Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004).
After the trial court struck Jones's pro se motion, trial counsel filed a motion to withdraw plea, and a hearing was held on that motion. Jones was not present at that hearing. On appeal, Jones claims that he was entitled to be present at the hearing on the motion filed by trial counsel, and the State agrees. "A motion to withdraw plea filed pursuant to rule 3.170 is a critical stage of the proceedings in the trial court, and a defendant is entitled to be present at the hearing on his motion." Mattia v. State, 907 So.2d 683, 683 (Fla. 2d DCA 2005). The record in this case does not indicate that Jones knowingly, freely, and voluntarily waived his right to be present at the hearing held on the motion to withdraw plea filed by counsel. See id. at 683 (holding that even though counsel stated that defendant's presence was not necessary, "the record [did] not reflect that [defendant] knowingly, freely, and voluntarily waived his right to be present" or that he "was even aware that a hearing would take place or that he had a right to be at the hearing"). Therefore, we reverse and remand for the trial court to hold a hearing on the motion to withdraw plea filed by counsel with an opportunity for Jones to be present. If counsel's position becomes adverse to Jones's, Jones would be entitled to appointment of conflict-free counsel to represent him at the hearing. See id. at 684.
During the pendency of this appeal, Jones filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), claiming that the documents presented by the State at his sentencing hearing did not prove that he qualified as a habitual violent felony offender (HVFO). The trial court denied Jones's rule 3.800(b)(2) motion on the basis that Jones stipulated that he qualified as an HVFO. The trial court erred in denying the motion on this basis because while Jones agreed to be sentenced as an HVFO, he did not stipulate that he qualified as such. See Hamilton v. State, 746 So.2d 512, 514 (Fla. 2d DCA 1999). Jones is not entitled to relief on this claim, however, because he did not raise it at the sentencing hearing and it is not a proper subject for a rule 3.800(b) motion. See Griffin v. State, 946 So.2d 610, 613-14 (Fla. 2d DCA 2007), quashed on other grounds, 980 So.2d 1035 (Fla.2008).[1]
In conclusion, we reverse the order denying Jones's motion to withdraw plea filed by counsel and otherwise affirm Jones's judgments and sentences.
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT, C.J., and FULMER, J., Concur.
NOTES
[1] We note that this court has suggested that a defendant may obtain relief through rule 3.800(b) on "matters that rendered the sentence otherwise subject to review under rule 3.800(a)." Griffin, 946 So.2d at 613. Jones did not demonstrate that he is entitled to relief under rule 3.800(a) because he did not affirmatively allege that the predicate prior convictions do not exist as a matter of law. See Macaluso v. State, 912 So.2d 694, 695 (Fla. 2d DCA 2005).