PER CURIAM.
Cesar Lomelin-Flores entered a no contest plea to charges of DUI manslaughter and driving with a suspended license. Then, less than thirty days after the imposition of sentence for such offenses, he filed a pro se motion to withdraw plea, citing Florida Rule of Criminal Procedure 3.170(f), governing the withdrawal of pleas prior to the imposition of sentence. The trial court summarily denied the motion as untimely. We agree with Lomelin-Flores’s appellate claim that the trial court should have treated the defendant’s motion as one filed pursuant to Florida Rule of Criminal Procedure 3.170(0, governing motions to withdraw plea filed after the imposition of sentence, and ruled on the merits of the claims asserted. See Hulett v. State, 830 So.2d 243, 244 (Fla. 4th DCA 2002). Nonetheless, we affirm the summary denial as the claims asserted in the motion are either conclusively refuted by the record or facially insufficient. See Sheppard v. State, 17 So.3d 275, 287 (Fla. 2009) (holding that trial court should appoint conflict-free counsel where it has determined, following a limited hearing, that adversarial relationship exists between defendant and current counsel, provided allegations of defendant’s pro se motion are not conclusively refuted by the record).

Affirmed.

POLEN, STEVENSON and GERBER, JJ., concur.