GERBER, J.,
dissenting.
I respectfully dissent. The plea colloquy conclusively refutes the defendant’s allegations that his plea was involuntary:
THE COURT: Did anybody force you or coerce you or threaten you to get you to enter a plea in this case today?
DEFENDANT: No.
THE COURT: Did anybody promise you anything other than what I’ve just discussed with you?
DEFENDANT: No.
Moreover, the defendant’s allegations, though very detailed, facially do not show that he had an adversarial relationship with his attorney. At best, the defendant’s allegations show a lack of communication and diligence on his attorney’s part. In my view, a lack of communication and diligence do not create an adversarial relationship akin to “misadvice, misrepresentation, or coercion.” Sheppard v. State, 17 So.3d 275, 287 (Fla.2009). Although the defendant ultimately alleges that he was “lied to, pressured, [and] frightened into taking this plea deal,” I see nothing in his very detailed allegations reasonably leading to the conclusion that any of those actions occurred.
Thus, the defendant’s allegations did not entitle him to a Sheppard hearing, and the circuit court was correct in denying his motion to withdraw his plea after sentencing. See Nelfrard v. State, 34 So.3d 221, 223 (Fla. 4th DCA 2010) (“[T]he trial court is not required to appoint conflict-free counsel unless both an adversary relationship exists and the defendant’s allegations are not conclusively refuted by the record.”); Lomelin-Flores v. State, 21 So.3d 918, 919 (Fla. 4th DCA 2009) (“[W]e affirm the summary denial [of the pro se defendant’s motion to draw plea] as the claims asserted in the motion are either conclusively refuted by the record or facially insufficient.”). I would affirm.