NORTHCUTT, Judge.
Carlton Smith appeals following a guilty plea to battery on a law enforcement officer, driving while license suspended, obstructing an officer without violence, and possession of a controlled substance. We affirm but note that we have not reached the merits of the sentencing issue.
Pursuant to the plea agreement, Smith was sentenced as a habitual offender for the battery and possession convictions. Smith argues that the State failed to introduce sufficient evidence to support a habitual offender classification.[1] Smith raised this argument for the first time in a motion filed under Florida Rule of Criminal Procedure 8.800(b)(2), but “it is not a proper subject for a rule 3.800(b) motion.” See Jones v. State, 981 So.2d 676, 678 (Fla. 2d DCA 2008). Furthermore, Smith’s motion did not allege that he lacked the necessary convictions to qualify for habitual offender sentencing. “A facially sufficient attack on the legality of a habitual felony offender (‘HFO’) sentence requires the defendant to affirmatively allege that the predicate prior convictions do not exist as a matter of law.” Macaluso v. State, 912 So.2d 694, 695 (Fla. 2d DCA 2005).
Affirmed.
ALTENBERND and KHOUZAM, JJ., Concur.

. We note that, under section 775.084(l)(a)(3), Florida Statutes (2009), possession of a controlled substance does not qualify for habitual offender sentencing, a point not raised below or on appeal.