881 So.2d 1129 (2004)
Clarence PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4021.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse an order striking Peterson's pro se motion to withdraw his plea.
Peterson entered an open plea of no contest on charges of possession of cocaine and tampering with evidence. He was subsequently sentenced to concurrent three-year prison terms on each count. Two weeks later, Peterson filed a pro se motion to change his plea, alleging that he was coerced into pleading no contest. The court entered an order striking the pro se motion because Peterson was represented by counsel and not entitled to "hybrid" representation, citing State v. Tait, 387 So.2d 338, 339 (Fla.1980); Salser v. State, 582 So.2d 12, 14 (Fla. 5th DCA 1991); and Sheppard v. State, 391 So.2d 346, 347 (Fla. 5th DCA 1980).
The trial court correctly recognized these cases as holding that a defendant is not constitutionally entitled to a "hybrid" form of representation, where he is represented by counsel and, at the same time, representing himself. There is, however, an exception to this rule where a defendant claims that his counsel coerced him into entering a plea. See, e.g., Cadet v. State, 795 So.2d 228, 229 (Fla. 4th DCA 2001).
We recognize that Peterson's argument to this court is not coercion, but that his attorney misadvised him. Similarly, we recognize that the transcript of the *1130 change of plea hearing and his written plea agreement set out the maximum sentence Peterson could receive. Further, the record indicates that Peterson was not threatened nor was he promised anything for entering into the plea.
Still further, we acknowledge that at Peterson's sentencing, while defense counsel suggested house arrest so Peterson could continue working, the state recommended three-year prison terms. At no time did either party mention an agreement between Peterson and the state.
Nevertheless, the trial court did not deny Peterson's motion on such record grounds. Instead, without reaching or considering the merits of Peterson's motion, the trial court denied the motion solely on the ground that Peterson could not avail himself of "hybrid representation."
Therefore, without reaching the merits, we reverse and remand for further consideration by the trial court. If the court does not conclude that the record conclusively rebuts Peterson's allegations, then conflict-free counsel should be appointed with respect to his claim that his plea was coerced. See generally Snodgrass v. State, 837 So.2d 507 (Fla. 4th DCA 2003)(holding that the trial court is not required to hold an evidentiary hearing if the record conclusively shows that the defendant is not entitled to relief).
GUNTHER and TAYLOR, JJ., concur.