901 So.2d 981 (2005)
Pablo Michael BERMUDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-373.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
*982 Peter Grable, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
On August 21, 2003, Pablo Bermudez entered a plea of guilty in five separate criminal cases involving multiple second and third degree felony counts of burglary, dealing in stolen property, grand theft, and false verification of ownership, as well as petit theft, a misdemeanor. He also admitted violating his probation in an earlier case by committing these new substantive criminal offenses.
On October 10, 2003, a sentencing hearing was held in which Bermudez's counsel sought a downward departure sentence of one year in the county jail followed by a drug farm with the proviso that Bermudez would forfeit time already served in county jail, which amounted to approximately one year. In the alternative, counsel asked for four years in prison followed by a "long track drug farm." The trial court found that there were no grounds for a downward departure and sentenced Bermudez to fifteen years on the second degree felonies followed by consecutive five-year sentences for the third degree felonies with the exception of the petit theft charge for which Bermudez was sentenced to time served. The written sentencing order was signed and filed with the clerk on October 20, 2003, nunc pro tunc to October 10, 2003.
On November 12, 2003, Bermudez's counsel filed a motion to withdraw the plea, a motion to correct sentence, and a motion to modify the sentence. On November 17, 2003, Bermudez, acting pro se, filed a motion to withdraw his plea, asserting that his counsel had promised him a sentence of eight years or, in the alternative, four years followed by a long track drug farm if he pled guilty.
The state filed a motion to strike defense counsel's motion to withdraw the plea, arguing that it was untimely because it was filed on November 12, 2003 which is 33 days[1] after the sentencing hearing of October 10, 2003. The state also argued that Bermudez's pro se motion to withdraw his plea filed on November 17, 2003, was untimely and additionally a nullity because Bermudez was represented by counsel when it was filed.
Following the hearing on the motion to withdraw plea, the trial court entered the following order:

*983 Order Denying Defendant's Motion to Vacate
THIS CAUSE came on for hearing on January 12, 2004, on Defendant's Motion to withdraw the plea he entered herein on August 21, 2003, and to vacate the sentence imposed on October 10, 2003,[FN1] of 20 years' incarceration, consisting of consecutive terms of 15 and 5 years.
The Defendant's Motion claimed that his attorney had assured him that, if he were to "plead up" to the Court without there being a plea bargain, the sentence would be either eight (8) years' incarceration or four (4) years' incarceration followed by incarceration in the Sheriff's Long Track Drug Farm.
The Court having reviewed the file and considered comments and arguments of counsel and being otherwise duly apprised, it is hereby ORDERED AND ADJUDGED, as follows:
1. That the said Motion to Vacate be, and the same hereby is, DENIED.
2. The motion was filed more than 30 days after rendition of the sentence, the deadline imposed by Fla.R.Crim.P. 3.170(1).
3. Alternatively, the Court's factual findings do not support a finding that grounds for vacating the plea exist.
4. The Court has heard statements of Defendant and his counsel, as well as of the State, and hereby finds that no assurance was made to Defendant by his counsel that the sentence that would be imposed would be no more than eight years. Indeed, the transcript of the August 21, 2003 plea conference makes it clear that the Defendant understood that the minimum the Court would sentence him to would be 102 months (8.5 years), and maybe substantially more. (Tr., 14-15).
5. The Court hereby expressly finds that the Defendant was fully apprised of, and fully aware of, the possibility that he could be sentenced to a substantial sentence, that the Defendant was competently represented by counsel, and that the Defendant knowingly and intelligently entered his plea, and that no grounds exist for permitting withdrawal of the plea or vacating of the sentence imposed herein.
WHEREFORE, the Defendant's said motion is hereby DENIED.
FN1: The Motion erroneously recited that the date was October 11.
It is unclear from the Order Denying Defendant's Motion to Vacate whether the trial court considered defense counsel's motion to withdraw plea, as there is no discussion of that motion in the order. Nonetheless, our review of the record reflects that the November 12, 2003 motions are without merit. However, we find that the trial court erred in concluding that the pro se motion to withdraw plea was untimely. We also note that Bermudez was not represented by conflict-free counsel and there was no inquiry of defense counsel as to whether he made such promises to Bermudez prior to his plea.[2] Therefore, the trial court is required to hold an evidentiary hearing in order to determine whether such promises were made to Bermudez, thereby making his plea of guilty involuntary.
Under Florida Rule of Criminal Procedure 3.170(l) which permits a motion *984 to withdraw a plea after sentencing, a defendant "may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e)." (emphasis added.) This thirty-day limit is jurisdictional. Gafford v. State, 783 So.2d 1191, 1192 (Fla. 1st DCA 2001).
Florida Rule of Appellate Procedure 9.020(h) defines "Rendition (of an Order)" as "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Application of this definition clearly makes Bermudez's pro se motion timely as the sentencing order was filed on October 20, 2003 and Bermudez's motion was filed November 17, 2003. Therefore, Bermudez's pro se motion to withdraw his plea was timely.
The state also argues that Bermudez's pro se motion was a nullity as the second district found in Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004). In Mourra, the second district held that pleadings filed by a defendant who is represented by counsel are a nullity unless they include some unequivocal request to discharge counsel. Id. at 321. However, in our decision in Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004), this court held that there is an exception to this rule when the defendant claims his counsel coerced him into entering the plea. Id. In Peterson, the defendant filed a pro se motion to withdraw his plea, alleging that he was coerced into pleading no contest. However, his argument before this court was not coercion but misadvice by his attorney. Peterson was not threatened nor was he promised anything for entering into the plea. Nonetheless, the alleged misadvice created an adversarial relationship between Peterson and his attorney, thereby negating the prohibition of this "hybrid representation." Id. at 1129-30. In the instant case, Bermudez alleged that he was promised by his attorney that he would get a shorter sentence if he entered a plea of guilty. We consider the alleged promises asserted by Bermudez to create an adversarial relationship with his attorney and, therefore, preclude the striking of his pro se motion.
The state also argues that Bermudez did not request the conflict-free counsel to which he argues he was entitled. In Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999), this court reiterated that "a criminal defendant facing incarceration has a right to counsel at every critical stage of the proceedings against him." Id. at 72. Although there is no right to counsel in post-conviction proceedings, this court held that a motion filed under rule 3.170(l) is "a critical stage in the direct criminal proceeding against the defendant at which the accused must be entitled to effective assistance of counsel." Id. at 73. This court also noted that at Padgett's hearing, in which he and his counsel took adversarial positions on what happened while counsel was advising him concerning his appeal, he was entitled to the appointment of conflict-free counsel. Id. This court concluded that "denial of the right to counsel is not subject to a harmless error analysis." Id. at 74. The denial of the motion was reversed and the case was remanded for appointment of conflict-free counsel and a new hearing. Id.
Having determined that Bermudez's pro se motion was timely, and not precluded because he was represented by counsel at the time he filed his pro se motion to withdraw, we now turn our attention to whether allegations in Bermudez's motion to vacate his plea are rebutted by the record.
In Simeton v. State, 734 So.2d 446 (Fla. 4th DCA 1999), this court held:
Generally, a defendant may be entitled to withdraw a plea entered in reliance *985 upon his attorney's mistaken advice about sentencing. See State v. Leroux, 689 So.2d 235, 237 (Fla.1996). In addition, "[w]hen no evidentiary hearing is held, the allegations of a defendant's motion for post-conviction relief must be accepted as true, except to the extent that they are conclusively rebutted by the record." Montgomery v. State, 615 So.2d 226, 228 (Fla. 5th DCA 1993) (citations omitted). The record on appeal does not conclusively rebut Simeton's allegation that he pled no contest because his counsel misrepresented the length of the sentence he would serve. Therefore, this allegation must be accepted as true. See id. Accepting Simeton's allegation as true, we hold he alleged sufficient grounds entitling him to an evidentiary hearing on his motion to withdraw his plea. See id.; see also Leroux, 689 So.2d at 237.
Id. at 447.
In the instant case, after a review of the transcript of the plea hearing, the trial court found that Bermudez's allegation that he was promised eight years or four years plus the drug farm was conclusively rebutted by what occurred at the plea hearing because Bermudez understood that the minimum he could be sentenced to was eight and a half years "and maybe substantially more." Bermudez argues that the trial court did not inquire of him whether any promises had been made. Although there is a provision in the written plea which Bermudez signed that he had not received any promises, he did not initial any of the provisions and the trial court did not go over each of the provisions with him. Furthermore, as Bermudez also asserts, although he was told his very minimum sentence was 102 months (8.5 years), the court subsequently stated:
And 108 [months the state offered] would be exactly nine years, which they offer instead of eight and a half at the minimum. If you go to trial, I could not sentence you to less than 102 months; you can get possibly six months better. Also there is a possibility after I heard everything for you and against you, might come to the conclusion that you deserve substantially more than they're offering is what I should impose. I have no  I may go for the lowest possible 102, and there are only a small number of possibilities I may go below that, which I can legally do.
It is certainly possible that Bermudez's attorney promised Bermudez that he could get him eight years and that it was not unreasonable for Bermudez to have believed his attorney, especially in light of the court's statements. This is only determinable by holding an evidentiary hearing and questioning the attorney.
Based upon the foregoing, we reverse and remand to permit conflict-free counsel to re-plead the motion to withdraw and direct the trial court to conduct an evidentiary hearing.
Reversed and Remanded.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] Fla. R.Crim. P. 3.170(l) states: Motion to Withdraw the Plea after Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e).
[2] Although the trial court's order in paragraph 4 notes that the trial court "heard statements of the Defendant and his counsel," the transcript of the hearing is silent on any questions posed to defense counsel in reference to the alleged promises.