906 So.2d 380 (2005)
Stephen GRAINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3307.
District Court of Appeal of Florida, Second District.
July 22, 2005.
*381 James Marion Moorman, Public Defender, and Craig J. Trocino, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
In this appeal, Stephen Grainger challenges the denial of his pro se motion to withdraw plea, which was filed after sentencing. Because we conclude the motion should have been stricken, we reverse and remand with directions to strike the motion. We also comment on several errors reflected in this record that are disturbing.
Grainger entered a counseled and negotiated guilty plea on seven counts for a total of forty years in prison. He then filed a handwritten pro se motion to withdraw his plea in which he claimed that at the time it was entered he was not taking prescribed medication, he "was in a severe mental state," and he "was not competent." The trial court held a hearing on the motion and denied it on the merits. The transcript of this proceeding begins with the following exchange between defense counsel and the trial judge prior to Grainger being brought into the room.
THE COURT: Good morning, Mr. Martin.
Mr. Martin: Good morning, Judge. I saw Ms. Wardell [prosecutor] in the hall this morning. She tells me Mr. Grainger 
THE COURT: You caught her in the hall?
Mr. Martin:  my client, wants to withdraw his plea. So, I thought I would just sit in and see what happened. Buyer's remorse. You ready, Judge?
THE COURT: All right. Well, can I see the court file?
Next, a brief discussion occurred between the court and the prosecutor in which the prosecutor provided to the court a transcript of the plea colloquy for the trial court to use in the hearing on Grainger's motion. The trial judge then directed the bailiff to bring Grainger into the courtroom. The judge reviewed the contents of the motion with Grainger and asked if he wished to add anything to the motion. Grainger indicated he had nothing to add to the motion. Next, the judge directed questions to Mr. Martin regarding his representation of Grainger during the plea proceeding. Mr. Martin's answers refuted the allegations in Grainger's motion.
The first error reflected on this record is the trial court's failure to initially strike Grainger's pro se motion when it was filed since Grainger was represented by counsel. Mr. Martin was court-appointed to represent Grainger in January 2004 after the public defender's office withdrew from the case due to a conflict. There is no indication in our record that *382 Mr. Martin had been relieved of the representation at the time the hearing was held on the motion to withdraw plea in April 2004. No notice of appeal had been filed and the time for filing a notice had not expired. Thus, pursuant to Florida Rule of Criminal Procedure 3.111(e), Mr. Martin was the attorney of record at the time of hearing.[1] Because Mr. Martin did not file the motion to withdraw plea on behalf of Grainger, the trial court was required to strike the motion as an unauthorized pro se pleading. See Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004). However, counsel could have adopted the motion and proceeded to represent Grainger for the hearing.
Because counsel did not adopt the motion and proceed to represent Grainger, the next error that occurred was on the part of defense counsel who, inexplicably, not only failed to act in a representative capacity for Grainger, but became an adverse witness against his client at the invitation of the trial judge. Mr. Martin's "buyer's remorse" comment, which was made prior to Mr. Grainger being brought into the courtroom, was adverse to his client's interests and demonstrates a failure to act in a representative capacity. And, Mr. Martin's responses to the questions posed by the judge during the hearing likewise demonstrate a failure of representation and a lack of loyalty to his client.
Counsel's failure to act in a representative capacity for Grainger laid the groundwork for the third error which occurred when the trial court proceeded to entertain the motion on its merits without providing conflict-free counsel to Grainger. Consideration of a motion to withdraw plea after sentencing, which is filed pursuant to Florida Rule of Criminal Procedure 3.170(l), is a critical stage in the proceeding, and an indigent criminal defendant has a right to the appointment of conflict-free counsel to assist in the filing of the motion. See Iaconetti v. State, 869 So.2d 695, 699 (Fla. 2d DCA 2004); Smith v. State, 849 So.2d 485 (Fla. 2d DCA 2003); Wofford v. State, 819 So.2d 891 (Fla. 1st DCA 2002).
We have discussed the errors reflected in this record with a view toward providing guidance to prevent their repetition. *383 However, as we have previously explained, the motion hearing during which these errors occurred should not have taken place because Grainger's pro se motion should have been stricken when filed. Therefore, we reverse and remand with directions to strike the motion.
Reversed and remanded with directions.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] Rule 3.111 (e) provides:

(e) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after:
(1) the filing of:
(A) a notice of appeal;
(B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(C) directions to the clerk, if necessary; and
(D) a designation of that portion of the reporter's transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
(2) substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In publicly funded cases, the public defender for the local circuit court shall be appointed initially until the record is transmitted to the appellate court; or
(3) the time has expired for filing of a notice of appeal, and no notice has been filed. Orders allowing withdrawal of counsel are conditional, and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error that the lower tribunal is authorized to address during the pendency of the direct appeal under rule 3.800(b)(2).
(Emphasis added.)