954 So.2d 695 (2007)
Robert RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4610.
District Court of Appeal of Florida, Fourth District.
April 18, 2007.
*696 Alexander R. Brumfield, III of Alexander R. Brumfield, III, P.A., West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
After receiving a fifteen year sentence based on a guilty plea, appellant moved to withdraw his plea and asserted that he did not understand the consequences of the plea and did not have adequate time to consult with his attorney. The trial court struck the motion because appellant was still represented by his trial counsel.
Appellant then filed a pro se motion to correct sentencing error, in which he asserted that his attorney was not competent; the attorney did not explain what appellant was signing; he was scared into signing by his attorney; his attorney told him he would get thirty years if he did not sign; and that he was sentenced outside the guidelines. He reiterated that he wanted to withdraw his plea. That motion was also stricken. Given the allegations, this was error. Bermudez v. State, 901 So.2d 981 (Fla. 4th DCA 2005). Appellant then filed a motion to discharge his attorney, which the trial court granted.
We reverse for an evidentiary hearing, with conflict-free counsel to be appointed to represent appellant. The allegations as to appellant's counsel's misrepresentation and the voluntariness of the plea are not conclusively rebutted by the record. Woodly v. State, 937 So.2d 193, 196 (Fla. 4th DCA 2006). A request to withdraw within thirty days of sentencing is a critical stage of a criminal proceeding. Kelly v. State, 925 So.2d 383 (Fla. 4th DCA 2006).
Reversed.
STEVENSON, C.J., KLEIN and SHAHOOD, JJ., concur.