959 So.2d 830 (2007)
Kenneth WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1160.
District Court of Appeal of Florida, Fourth District.
July 11, 2007.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Kenneth B. Williams was sentenced to 33.15 months in Florida State *831 Prison with credit for 229 days time served after pleading no contest to delivery of cocaine and battery on a law enforcement officer. He subsequently filed a motion to withdraw his plea and appoint special public defender for purposes of arguing the motion pursuant to Florida Rule of Criminal Procedure 3.170(l). The motion asserted ineffective assistance of trial counsel, an irreconcilable conflict of interest with counsel, and other grounds to be argued ore tenus. After a brief hearing where Williams was not present, the trial court summarily denied the motion based on its facial insufficiency, but did so without prejudice to Williams filing a pro se motion to withdraw plea, hire counsel to file an amended motion, or request the trial court appoint a special public defender to file such motion. Given the allegations, this was error. See Rivera v. State, 954 So.2d 695 (Fla. 4th DCA 2007) (citation omitted); see also Mattia v. State, 907 So.2d 683, 683 (Fla. 2d DCA 2005) ("A motion to withdraw plea filed pursuant to rule 3.170 is a critical stage of the proceedings in the trial court, and a defendant is entitled to be present at the hearing on his motion.") (citations omitted); Scippio v. State, 855 So.2d 202, 203 (Fla. 1st DCA 2003) ("A defendant has the right to conflict-free counsel to argue his motion to withdraw plea.").
We therefore reverse Williams' convictions and remand for further proceedings in the trial court. Upon remand, conflict-free counsel shall be appointed to assist Williams in this cause. The trial court in its discretion may either accept an amended motion to withdraw plea, or hold an evidentiary hearing to further address any issues raised in the original motion. In either event, Williams is entitled to be present.
Reversed and Remanded with Instructions.
HAZOURI, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I concur because our prior precedent requires the result we reach. However, I have come to the conclusion that Florida Rule of Criminal Procedure 3.170(l) has not achieved its intended purpose of resolving issues at the trial level. Instead, it creates issues and expense. This issue has been studied by the District Court of Appeal Performance and Accountability Commission and the Trial Court Performance and Accountability Commission through a joint postconviction rules workgroup chaired by Judge Altenbernd. In the final report, Judge Altenbernd discusses Rule 3.170(l):

Rule 3.170(l). This rule was created by the court in 1996 in response to the Criminal Appeal Reform Act. See In re Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253 (Fla. 1996). It permits defendants to file motions to withdraw pleas after sentencing and before appeal. Such a motion stays rendition of judgments for appeal under Florida Rule of Appellate Procedure 9.020(h).
This rule was intended to give a defendant the benefit of counsel when filing a motion to withdraw plea and to give the defendant an opportunity to preserve an issue for direct appeal. At least from anecdotal information, attorneys rarely use this rule. When defendants file these motions pro se while still technically represented by trial counsel, substantial confusions arises. Often the lawyers proceed with an appeal without realizing that the judgment has not yet been legally rendered. The Second and the Fifth District Courts of Appeal have *832 both held that pro se motions under this rule cannot be filed absent a conflict involving trial counsel. See Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004); Whiting v. State, 929 So.2d 673 (Fla. 5th DCA 2006). This distinction is not easy to enforce. See Bermudez v. State, 901 So.2d 981 (Fla. 4th DCA 2005). The motion often requires the appointment of new, conflict-free counsel. See Mosley v. State, 932 So.2d 1239 (Fla. 1st DCA 2006). The rule does not contain the procedural specificity of rule 3.850 and has generated a number of reversals on appeal for failure to fulfill all procedural requirements.
Although rule 3.850 does not expressly state that a motion under that rule challenging a plea must be presented as a motion to withdraw a plea, that requirement is well-established in the case law. If rule 3.850 cannot be used to challenge issues that could and should have been raised on direct appeal, and if a motion under rule 3.170(l) can be used to raise on direct appeal all issues arising from a plea, then rule 3.170(l) has completely supplanted rule 3.850 for issues related to pleas and movants no longer have two years to raise these issues. The district courts have generally declined to take this logical position, see Gidney v. State, 925 So.2d 1076 (Fla. 4th DCA 2006); Dooley v. State, 789 So.2d 1082 (Fla. 1st DCA 2001), but it is difficult to reconcile the language of these two rules. Courts have, however, sometimes held that a motion under 3.850 was successive because of an earlier motion under 3.170(l). See Harris v. State, 801 So.2d 973 (Fla. 2d DCA 2001). Although a movant cannot allege ineffective assistance of counsel concerning representation on a motion under rule 3.850, see Lambrix v. State, 698 So.2d 247 (Fla.1996), since rule 3.170(l) is a critical stage of proceedings prior to direct appeal, presumably it can support a claim of ineffective assistance of counsel.
The Workgroup believes that the benefit of rule 3.170(l) is outweighed by the confusion it has created. It might be feasible to amend statutes to permit public defenders to have the discretion in rare cases to file postconviction motions when they believe defendants have a clear right to relief, but the current approach of supplying a lawyer for 30 days to provide this assistance in every case involving a plea is elusory.
Id. (Report on file with the supreme court).
At the Fourth District, we are seeing more and more cases where the defendant files a motion to withdraw a plea after sentencing occurs, vaguely indicating coercion by counsel or misrepresentation as to the sentence, even though these matters were fully reviewed at sentencing. Because of this conflict with counsel, new counsel must be appointed, increasing the cost of the proceedings. However, these motions are routinely denied after an evidentiary hearing, because there was no coercion or misrepresentation and the plea colloquy fully explored these issues. We have even received pro se motions claiming ineffective assistance of counsel, because the defendant has learned in prison that he had the "right" to move to withdraw his plea within thirty days of sentencing, and his lawyer did not inform him of this "right." As far as I can tell, many defendants are abusing the use of rule 3.170(l).
If I were writing on a clean slate, I would conclude that a motion to withdraw the plea after sentencing is not a critical stage of the proceedings, as the defendant has already pled and been sentenced. Therefore, the "proceedings" are in fact at an end with sentencing. Rule 3.170(l) is a collateral, judicially-created proceeding *833 which is not essential to due process. I fully concur with the workgroup's recommendation to delete this rule. It has proved costly with little, if any, benefit.