988 So.2d 74 (2008)
Anthony SHEPPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4557.
District Court of Appeal of Florida, Second District.
July 16, 2008.
Rehearing Denied August 21, 2008.
*75 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Anthony Sheppard challenges the trial court's denial of his pro se motion to withdraw his guilty plea. We conclude that the trial court should have struck the motion as an unauthorized pro se pleading instead of conducting an evidentiary hearing. Accordingly, we reverse the denial of the motion to withdraw plea and remand with directions to strike the motion as a nullity.

The Facts and Procedural Background
On August 9, 2005, Mr. Sheppard pleaded guilty to violating his community control previously imposed for convictions of two counts of uttering a forged instrument  a third-degree felony. § 831.02, Fla. Stat. (2001). An Assistant Public Defender (the APD) represented Mr. Sheppard at the community control revocation hearing. The APD told the trial court that the State had offered "a year and a day followed by four years of sex offender probation."[1] The APD candidly advised the trial court that he and Mr. Sheppard agreed that Mr. Sheppard was unlikely to successfully complete the probationary portion of such a split sentence.[2] The APD also informed the trial court that Mr. Sheppard's scoresheet under the Criminal Punishment Code reflected a minimum sentence of a nonstate prison sanction, and he asked the trial court for a "straight time" sentence of eighteen to twenty-four months' imprisonment with no probation to follow. After a lengthy discussion of Mr. Sheppard's admitted inability to comply with the reporting and housing requirements of community control, the trial court sentenced him to two consecutive five-year prison terms  ten years total  the maximum for the two third-degree felonies of uttering a forged instrument. § 775.082(3)(d), Fla. Stat. (2001).
After sentencing, Mr. Sheppard timely filed a pro se motion to withdraw his guilty plea under Florida Rule of Criminal Procedure 3.170(l) based on the alleged misadvice of counsel. He asserted that his plea was involuntarily made because the APD improperly refused to allow him to accept the State's plea offer and misled him about the sentence that he would receive.
On May 9, 2006, the trial court held an evidentiary hearing on the motion. The State called the APD as its only witness. The APD identified himself as an employee of the public defender's office assigned to the sexual offender division. Midway through the APD's testimony, the trial court interrupted the proceedings to ask, "Who represents Mr. Sheppard?" The APD replied, "This is a pro se motion." Unaccountably, the trial court then resumed the hearing. Mr. Sheppard did not *76 take advantage of the opportunity to cross-examine "his lawyer." The unsworn statement that Mr. Sheppard offered in support of his motion is only three lines long in the transcript of the proceedings. Mr. Sheppard did not call any witnesses at the hearing.

Discussion
When Mr. Sheppard filed his pro se motion to withdraw his plea, he was represented by court-appointed counsel. Thus the motion should have been stricken because "[a] rule 3.170(l) motion to withdraw plea filed by a criminal defendant who is represented by counsel is a nullity, unless the defendant makes an unequivocal request to discharge counsel." King v. State, 939 So.2d 1196, 1196 (Fla. 2d DCA 2006) (citing Johnson v. State, 932 So.2d 1169, 1170 (Fla. 2d DCA 2006), Grainger v. State, 906 So.2d 380, 382 (Fla. 2d DCA 2005), and Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004)). Alternatively, court-appointed counsel could have adopted the pro se motion and then proceeded to represent Mr. Sheppard at the motion hearing. Grainger, 906 So.2d at 382. The record in this case does not indicate that Mr. Sheppard made a request to discharge counsel, nor does it reflect that defense counsel adopted the pro se motion. Instead, the trial court held an evidentiary hearing at which Mr. Sheppard was left to represent himself while the trial court considered the merits of his motion and his defense counsel testified against him.
This case bears a striking resemblance to the proceedings described in Grainger where the trial court likewise failed to strike a defendant's pro se motion to withdraw his guilty plea, which the defendant filed while he was represented by court-appointed counsel. Id. at 381-82. In Grainger, we noted first that "[b]ecause [defense counsel] did not file the motion to withdraw plea on behalf of [the defendant], the trial court was required to strike the motion as an unauthorized pro se pleading." Id. at 382 (emphasis added). We identified a second misstep  this one committed by defense counsel "who, inexplicably, not only failed to act in a representative capacity for [the defendant] but became an adverse witness against his client." Id. And finally, we identified a third error committed by the trial court when it considered the pro se motion on the merits without providing conflict-free counsel to the defendant:
Consideration of a motion to withdraw plea after sentencing, which is filed pursuant to Florida Rule of Criminal Procedure 3.170(l), is a critical stage in the proceeding, and an indigent criminal defendant has a right to the appointment of conflict-free counsel to assist in the filing of the motion.

Id. (emphasis added).
Despite this court's attempt in Grainger to provide guidance to prevent the repetition of these errors, the trial court and the APD replicated them in Mr. Sheppard's case. The evidentiary hearing should have never taken place because Mr. Sheppard's pro se motion should have been struck as a nullity. King, 939 So.2d at 1196. The APD not only failed to act in a representative capacity for his client, he also became an adverse witness against Mr. Sheppard at the hearing while he was still Mr. Sheppard's attorney of record.[3]Grainger, 906 So.2d at 382. And finally, the trial court failed to recognize that Mr. Sheppard had a right to conflict-free counsel *77 who could assist him in his attempt to withdraw his guilty plea. See Mourra, 884 So.2d at 319 ("One of the benefits of rule 3.170(l) is that it provides the defendant with the right to seek to withdraw a plea at a time when the defendant is still represented by counsel.").
Consequently, the order denying Mr. Sheppard's motion to withdraw his plea must be reversed. As Mr. Sheppard acknowledges, this court's precedent as established in Mourra, Grainger, King, and similar cases requires that on remand his motion must be struck as a nullity. However, Mr. Sheppard asks us instead to remand for an evidentiary hearing at which  absent a knowing and intelligent waiver of his right to counsel  he must be provided with conflict-free counsel. Mr. Sheppard argues that the allegations of counsel's misadvice in his pro se motion were sufficient to show that "an adversarial relationship" existed between him and his court-appointed counsel. According to Mr. Sheppard, this adversarial relationship with counsel negated the prohibition against the filing of pro se pleadings by defendants with counsel and precluded the striking of his pro se motion as a nullity even though the motion did not contain an unequivocal request to discharge counsel. In support of his position, Mr. Sheppard relies on the Fourth District's decisions in Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004), and Bermudez v. State, 901 So.2d 981 (Fla. 4th DCA 2005). Both of these decisions from the Fourth District  like this court's decision in Mourra  address pro se rule 3.170(l) motions that were filed by defendants with counsel. Before considering the merits of Mr. Sheppard's argument, we will examine the decisions in Peterson, Bermudez, and Mourra.
The Fourth District's decisions in Peterson and Bermudez and this court's decision in Mourra begin with the premise that a criminal defendant has no right to hybrid representation, i.e., to be represented by both his counsel and himself. See Logan v. State, 846 So.2d 472, 474-75 (Fla. 2003). The Fourth District decided Peterson before this court's decision in Mourra. In Peterson, the Fourth District recognized an exception to the rule prohibiting hybrid representation where the defendant's rule 3.170(l) motion indicated a conflict with counsel based on an allegation "that his attorney [had] misadvised him." Peterson, 881 So.2d at 1129-30.
This court decided Mourra a few months after the decision in Peterson. In Mourra, this court recognized a limited exception to hybrid representation in a single, limited circumstance, i.e., where the defendant's rule 3.170(l) motion includes an unequivocal request to discharge counsel. Mourra, 884 So.2d at 321. This limited exception was based on the proposition stated by the Supreme Court of Florida in Logan that pleadings filed by a criminal defendant who is represented by counsel are a nullity unless they include an unequivocal request to discharge counsel. Mourra, 884 So.2d at 321 (citing Logan, 846 So.2d at 477-78). However, the Mourra court "was also concerned that a defendant's ill-advised pro se rule 3.170(l) motion might prejudice his case, or have an unintended preclusive effect." Lopez v. State, 940 So.2d 613, 614 (Fla. 2d DCA 2006) (citing Mourra, 884 So.2d at 320, 321 n. 5).
Thus the Mourra court's unwillingness to recognize a broader exception to hybrid representation in the context of rule 3.170(l) motions was based on two grounds: (1) a recognition of the prohibition against hybrid representation in criminal cases except in circumstances where the pro se pleading is accompanied by an unequivocal request to discharge counsel and (2) concerns about the possible prejudice *78 that the defendant might unwittingly sustain as a result of the pro se filing. These two grounds prompted the Mourra court to note its disagreement with the holding in Peterson as follows: "We are not inclined to believe that an allegation of misadvice without a motion to discharge trial counsel is sufficient to justify a pro se pleading that might have unintended preclusive effect on postconviction proceedings. But see Peterson v. State." Mourra, 884 So.2d at 321 n. 5 (citation omitted).
After Mourra, the Fourth District recognized another exception to the rule prohibiting hybrid representation in its Bermudez decision. In Bermudez, the defendant had alleged "that he was promised by his attorney that he would get a shorter sentence if he entered a plea of guilty." 901 So.2d at 984. The Fourth District held that this allegation created "an adversarial relationship" between the defendant and his attorney that precluded striking the pro se motion as a nullity. The Fifth District has cited both Peterson and Bermudez with approval. See, e.g., Whiting v. State, 929 So.2d 673, 674-75 (Fla. 5th DCA 2006).
Nevertheless, since this court's initial disagreement with Peterson as stated in Mourra, we have declined to expand the more limited exception to the rule prohibiting hybrid representation that we recognized in Mourra. Instead, this court has been willing to permit pro se representation by a defendant filing a rule 3.170(l) motion only where the defendant has made an unequivocal request to discharge counsel. See Jones v. State, 981 So.2d 676 (Fla. 2d DCA 2008) (holding that a pro se rule 3.170(l) motion alleging two claims of ineffective assistance of counsel was properly stricken as a nullity when it did not include an unequivocal request to discharge counsel); Johnson v. State, 932 So.2d 1169, 1170 (Fla. 2d DCA 2006) (holding that a pro se motion under rule 3.170(l) alleging misadvice by counsel about the consequences of a plea but not asking to discharge counsel should have been treated as a nullity and struck); Sharp v. State, 884 So.2d 510, 512 (Fla. 2d DCA 2004) (holding that a pro se motion under rule 3.170(l) alleging that counsel had misled and misinformed the defendant but not asking to discharge counsel should have been treated as a nullity and struck). And in Mourra itself, we held that a pro se motion under rule 3.170(l) in which the defendant alleged some dissatisfaction with counsel but did not seek to discharge him should have been struck as a nullity. Mourra, 884 So.2d at 321. Having examined Peterson, Bermudez, and Mourra, we turn now to a consideration of Mr. Sheppard's argument that this court should follow the more expansive view of the exception to the rule prohibiting hybrid representation adopted by the Fourth District.
Initially, we note that the exceptions to the rule prohibiting hybrid representation that the Fourth District has adopted in Peterson and Bermudez may be at odds with the more limited view of the matter that the Supreme Court of Florida has outlined in Logan. See Logan, 846 So.2d at 476-78. The position that this court adopted in Mourra is fully consistent with Logan. Moreover, as previously noted, the potential preclusive effect of the rule 3.170(l) motion argues against permitting all defendants with complaints about their counsel's advice or performance to pursue pro se motions under the rule. See Mourra, 884 So.2d at 319-21.
Furthermore, we believe that the exceptions to the rule prohibiting hybrid representation that the Fourth District has recognized in Peterson and Bermudez are so broad that they threaten to swallow the rule. A substantial percentage  if not a *79 majority  of the defendants filing pro se motions under rule 3.170(l) either complain that they were misadvised concerning the consequences of their pleas or express some other dissatisfaction with the way their lawyers handled their cases. See Williams v. State, 959 So.2d 830, 832 (Fla. 4th DCA 2007) (Warner, J., concurring specially) (noting the prevalence within the Fourth District of rule 3.170(l) motions by defendants alleging coercion by counsel or misrepresentation by counsel). Under Peterson and Bermudez, the motions filed by all of the defendants alleging these sorts of complaints must be considered on the merits instead of being struck as nullities. The handling of pro se rule 3.170(l) motions in this manner seriously undermines the general rule prohibiting pro se representation by a defendant with counsel.
In addition to undermining the rule against hybrid representation, the effect of the holdings in Peterson and Bermudez is to impose additional strain on the criminal justice system. Under these decisions, valuable judicial time is required to consider and dispose of the pro se rule 3.170(l) motions that would otherwise be struck as nullities. Conflict-free counsel must be appointed for all of these defendants at considerable expense. See Williams, 959 So.2d at 832. And an assistant state attorney must appear at the hearing to defend the motion. But despite all of this effort and expense, "these motions are routinely denied after an evidentiary hearing, because there was no coercion or misrepresentation and the plea colloquy fully explored these issues." Id.
For these reasons, we think that the exception to the rule prohibiting hybrid representation for motions under rule 3.170(l) should be limited  as we held in Mourra  to cases where the defendant makes an unequivocal request to discharge counsel. Thus we decline to adopt the more expansive exceptions to the rule prohibiting hybrid representation that the Fourth District has recognized in Peterson and Bermudez. We certify that our decision on this point is in direct conflict with these cases. We reverse the trial court's denial of Mr. Sheppard's pro se motion to withdraw plea, and we remand with directions for the trial court to strike the motion as a nullity.
Reversed and remanded with directions; conflict certified.
STRINGER and SILBERMAN, JJ., Concur.
NOTES
[1] In September 2002, Mr. Sheppard had entered into an unusual plea agreement when he pleaded guilty to the two counts of uttering a forged instrument. This plea agreement incorporated a probation violation from an unrelated 2000 conviction for attempted sexual battery. Our record concerning the September 2002 plea agreement is incomplete, but it is clear that the agreement placed Mr. Sheppard in the unusual position of serving sex offender probation for the two uttering convictions.
[2] The community control violations to which Mr. Sheppard pleaded guilty were failing to report to his community control officer, changing his residence without consent, and violating curfew.
[3] As in Grainger, there is no indication in the record in this case that the APD had been relieved of his representation of Mr. Sheppard when the trial court held the hearing on the pro se motion to withdraw plea. See Grainger, 906 So.2d at 382 n. 1.