993 So.2d 173 (2008)
John CHRISTIANSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-48.
District Court of Appeal of Florida, Second District.
October 29, 2008.
*174 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
John Christiansen challenges his judgment and sentence for felony battery after prior conviction and contends that the trial court erred in denying his motion to withdraw plea after sentencing. We affirm the judgment and sentence, reverse the denial of the motion, and remand for the trial court to strike the pro se motion as a nullity.
Christiansen entered an open plea to the charge of felony battery after prior conviction. Pursuant to the negotiated agreement, the State entered a nolle prosequi on two other charges. After sentencing, pursuant to Florida Rule of Criminal Procedure 3.170(l), Christiansen filed a pro se motion to withdraw his plea. The motion alleged that the plea was involuntary and that counsel was ineffective and coerced him into entering the plea, but the motion did not request to discharge counsel. The trial court denied the motion on the merits without a hearing.
Christiansen contends that the trial court should have appointed conflict-free counsel and held an evidentiary hearing on his motion to withdraw plea. We disagree because Christiansen filed the motion pro se while he was still represented by counsel. The pro se motion to withdraw plea expressed dissatisfaction with counsel but did not contain an unequivocal request to discharge counsel; thus, the trial court should have stricken the motion as a nullity. See Sheppard v. State, 988 So.2d 74, 79 (Fla. 2d DCA July 16, 2008) (certifying conflict with Bermudez v. State, 901 So.2d 981 (Fla. 4th DCA 2005), and Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004)), review granted, No. SC08-1452, 990 So.2d 1060, 2008 WL 4551389 (Fla. Sept. 29, 2008) (table); Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004); see also McClelland v. State, 33 Fla. L. Weekly D2123, D2123, ___ So.2d ___, ___, 2008 WL 4092796 (Fla. 2d DCA Sept. 5, 2008) (citing Sheppard and Mourra). Thus, we affirm the judgment and sentence, reverse the denial of the pro se motion to withdraw plea, and remand for the trial court to strike the pro se motion. As we did in Sheppard, we certify conflict with Bermudez and Peterson.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and STRINGER, JJ., Concur.