POLSTON, J.,
dissenting.
I disagree with the majority’s decision to quash the Second District’s decision in Sheppard v. State, 988 So.2d 74 (Fla. 2d DCA 2008), and to recede from the bright-line rule against hybrid representation that this Court set forth in Johnson v. State, 974 So.2d 363 (Fla.2008). Because the Second District properly applied Logan v. State, 846 So.2d 472 (Fla.2003) and Johnson, and I am not persuaded that we should recede from this precedent, I respectfully dissent. I see no justification for appellate courts to enjoy the benefit of this bright-line distinction while removing it from the trial courts. Moreover, the majority’s exceptions provide yet another needless layer of postjudgment review to a system already overburdened by pro se postconviction motions.
In Logan, 846 So.2d at 473, this Court dismissed two pro se petitions filed by two different defendants “on the grounds that petitioners have no right to simultaneously *288 represent themselves and be represented by counsel relative to the pending charges against them.” The two - petitions had challenged the trial courts’ denials of pro se motions in pending criminal cases where the defendants were represented by counsel. Logan, 846 So.2d at 473.
In dismissing the petitions in Logan, this Court promulgated the bright-line rule that any pro se motion filed by a defendant while the defendant is represented by counsel will be treated as a nullity by this Court, unless the pro se motion includes an unequivocal request to discharge counsel. We explained that “[o]nly when a pro se criminal defendant is affirmatively seeking to discharge his or her court-appointed attorney have the courts of this state not viewed the pro se pleading in which the request to discharge is made as unauthorized and a ‘nullity.’ ” Id. at 476 (also stating that, as explained by the Fourth District in Graves v. State, 642 So.2d 142 (Fla. 4th DCA 1994), this limited exception is necessary to effectuate the holding of Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), followed by Hardwick v. State, 521 So.2d 1071 (Fla.1988)). Furthermore, we explicitly stated that “the exception to the ‘nullity’ rule cannot be triggered merely by a statement in a pleading that the defendant is generally dissatisfied with counsel or counsel’s performance. It must instead depend upon a clear statement from the defendant that he or she wishes to discharge court-appointed counsel due to counsel’s perceived ineffectiveness.” Id. at 478 (emphasis supplied); see also id. at 477 (“[T]he requirements of Nelson depend upon a clear and unequivocal statement from the criminal defendant that he wishes to discharge counsel.”).
Five years later, this Court decided Johnson v. State, 974 So.2d 363, 364-65 (Fla.2008), which held that the bright-line rule against hybrid representation from Logan applies to:
any pro se filings submitted by litigants seeking affirmative relief in the context of any criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings. The Court’s current procedure for automatic dismissals pursuant to Logan, as stated in section II(c)(7)(b), Supreme Court Manual of Internal Operating Procedures, will be followed for all such filings. Any papers filed pro se, addressing matters that are related to such ongoing proceedings, whether in the form of a petition, notice, motion, or another form of request for relief, will be deemed unauthorized and subsequently dismissed.
(Some emphasis added.) Accordingly, under Logan and Johnson, any pro se filing that does not include an unequivocal statement to discharge counsel should be treated as a nullity and automatically dismissed when the defendant is represented by counsel in the same criminal proceeding.
This bright-line rule was prompted by “the necessity for curtailing, as a matter of policy, the pro se activity of defendants” when such defendants are also represented by counsel “and nothing in their petitions indicates that they have sought, or will be seeking, to discharge counsel.” Logan, 846 So.2d at 474. It was intended to increase judicial efficiency by reducing the number of occasions that courts are required to expend time on competing filings regarding the same criminal case, one filed by a pro se defendant and one filed by the attorney appointed to represent that defendant. In fact, in Logan, this Court noted an increase in the number of defendants filing pro se petitions for extraordinary relief in this Court while their cases *289 were still pending in the trial court and while the defendants were represented by counsel. Id. at 474.
In Sheppard, the Second District properly applied the bright-line rule that this Court promulgated in Logan for the benefit of itself and expanded in Johnson for the benefit of every Florida court. After determining that Sheppard was represented by counsel in the criminal proceeding and that he did not unequivocally request discharge of that counsel, the Second District held that the trial court should have stricken Sheppard’s pro se motion to withdraw his plea instead of conducting an evidentiary hearing. Sheppard, 988 So.2d at 75. Specifically, the Second District stated:
When Mr. Sheppard filed his pro se motion to withdraw his plea, he was represented by court-appointed counsel. Thus the motion should have been stricken because “[a] rule 3.170(l) motion to withdraw plea filed by a criminal defendant who is represented by counsel is a nullity, unless the defendant makes an unequivocal request to discharge counsel.” King v. State, 939 So.2d 1196, 1196 (Fla. 2d DCA 2006) (citing Johnson v. State, 932 So.2d 1169, 1170 (Fla. 2d DCA 2006), Grainger v. State, 906 So.2d 380, 382 (Fla. 2d DCA 2005), and Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004)). Alternatively, courh-ap-pointed counsel could have adopted the pro se motion and then proceeded to represent Mr. Sheppard at the motion hearing. Grainger, 906 So.2d at 382. The record in this case does not indicate that Mr. Sheppard made a request to discharge counsel, nor does it reflect that defense counsel adopted the pro se motion.
Id. at 76. This analysis is entirely consistent with our holdings in Logan and Johnson. Consequently, unless there is a valid reason to recede from Johnson, this Court should approve the Second District’s decision.
“This Court adheres to the doctrine of stare decisis,” State v. J.P., 907 So.2d 1101, 1108 (Fla.2004), because the doctrine is important in “providing] stability to the law and to the society governed by that law.” State v. Gray, 654 So.2d 552, 554 (Fla.1995). And before receding from precedent, this Court asks several questions, including the following:
(1) Has the prior decision proved unworkable due to reliance on an impractical legal “fiction”? (2) Can the rule of law announced in the decision be reversed without serious injustice to those who have relied on it and without serious disruption in the stability of the law? And (3) have the factual premises underlying the decision changed so drastically as to leave the decision’s central holding utterly without legal justification?
Strand v. Escambia County, 992 So.2d 150, 159 (Fla.2008).
Here, the answers to all three of these questions indicate that we should continue to follow the bright-line rule we set forth in Logan and Johnson. First, the test has not proven unworkable due to a legal fiction. The test is very clear and results in predictable rulings by both trial and appellate courts. Second, creating exceptions to the bright-line rule will disrupt the stability of the law by undermining the general prohibition against hybrid representation. See generally State v. Tait, 387 So.2d 338, 339 (Fla.1980) (explaining that the federal and state constitutions do not provide “that the accused can make his own defense personally and have the assistance of counsel”); Salser v. State, 582 So.2d 12, 14 (Fla. 5th DCA 1991) (“[T]he defendant may have the right under certain circumstances to waive counsel and represent himself but the defendant has no right to *290 be represented for the purposes that suit him and unrepresented for other purposes.”); see also United States v. Mosely, 810 F.2d 93, 97 (6th Cir.1987) (“The right to defend pro se and the right to counsel have been aptly described as ‘two faces of the same coin/ in that waiver of one right constitutes a correlative assertion of the other.” (quoting United States v. Conder, 423 F.2d 904, 908 (6th Cir.1970))). Third, the factual premises underlying our decisions in Logan and Johnson have not changed in a way that leaves the decisions’ bright-line rule against hybrid representation without justification. To the contrary, multiple filings by pro se defendants and their attorneys place an impossible burden on courts, “especially where the motions filed or positions taken by client and counsel are inconsistent.” Salser, 582 So.2d at 14-15 & n. 5 (explaining that in United States v. Durden, 673 F.Supp. 308 (N.D.Ind.1987), the trial court aptly stated, “I can’t let the two of you work in different directions or at least different routes at the same time”). Judicial efficiency is significantly increased when there is a single voice advocating for the defendant in a criminal proceeding. Therefore, the doctrine of stare decisis dictates that we continue to adhere to our precedent.
The basic problem in this ease is that Sheppard’s attorney did not withdraw from representation and the trial court did not recognize the need for the attorney to do so. See, e.g., R. Regulating Fla. Bar 4-3.7 cmt. (explaining that “if there is likely to be substantial conflict between the testimony of the client and that of the lawyer, the representation involves a conflict of interest that requires compliance with rule 4-1.7,” which generally prohibits a lawyer from representing a client with adverse interests). However, these errors do not mean that the purpose of the bright-line rule against hybrid representation is without justification.
Moreover, Sheppard is not without means to seek relief. He could file a rule 3.850 claim, which does not necessitate altering the rule we established in Johnson. See, e.g., Brown v. State, 894 So.2d 137, 157 (Fla.2004) (explaining that a defendant proves a postconviction claim of ineffective assistance of counsel by establishing the existence of a conflict of interest which adversely affected the attorney’s representation); Brazeail v. State, 821 So.2d 364, 368-69 (Fla. 1st DCA 2002) (explaining that a defendant challenging a guilty plea in a 3.850 motion alleging ineffective assistance of counsel demonstrates prejudice by establishing that there is a reasonable probability that, but for counsel’s errors, defendant would not have pleaded guilty); Cox v. State, 974 So.2d 474, 476 (Fla. 2d DCA 2008) (concluding that 3.850 claim that counsel was ineffective in failing to file a timely motion to withdraw plea was facially sufficient).
Instead of recognizing the existence of postconviction relief, the majority has chosen to recede from Johnson without conducting a stare decisis analysis and without acknowledging that it is receding from our precedent. And by adopting the Fourth District’s rule, the majority’s decision will actually increase the strain on our criminal justice system, which is the opposite effect of what we intended in Logan and Johnson. The Second District notes that “[a] substantial percentage — if not a majority — of the defendants filing pro se motions under rule 3.170(l) either complain that they were misadvised concerning the consequences of their pleas or express some other dissatisfaction with the way their lawyers handled their cases.” Sheppard, 988 So.2d at 78-79. And, as Judge Warner explains:
At the Fourth District, we are seeing more and more cases where the defen *291 dant files a motion to withdraw a plea after sentencing occurs, vaguely indicating coercion by counsel or misrepresentation as to the sentence, even though these matters were fully reviewed at sentencing. Because of this conflict with counsel, new counsel must be appointed, increasing the cost of the proceedings. However, these motions are routinely denied after an evidentiary hearing, because there was no coercion or misrepresentation and the plea colloquy fully explored these issues. We have even received pro se motions claiming ineffective assistance of counsel, because the defendant has learned in prison that he had the “right” to move to withdraw his plea within thirty days of sentencing, and his lawyer did not inform him of this “right.” As far as I can tell, many defendants are abusing the use of rule 3.170(l).
Williams v. State, 959 So.2d 830, 832 (Fla. 4th DCA 2007) (Warner, J., concurring specially). Judge Warner’s observations demonstrate the continued need for applying Logan and Johnson.
In conclusion, this Court promulgated a bright-line rule against hybrid representation in Logan and Johnson in order to increase judicial efficiency and reduce the strain on our criminal justice system. Our stare decisis jurisprudence indicates that we should continue to adhere to that rule. Accordingly, I would approve the Second District’s decision in Sheppard because it properly applies our precedent.