CASANUEVA, Chief Judge.
 

 Charles Simmons, Jr., on probation for various felonies and misdemeanors resulting from a severe cocaine addiction, admitted violating that probation by committing new drug-related crimes. After the court sentenced him on the underlying convictions and the newly admitted charges, he filed a pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(0, claiming his counsel had coerced him into pleading. The circuit court dismissed the motion as a nullity based on
 
 Grainger v. State,
 
 906 So.2d 380 (Fla. 2d DCA 2005), because he was represented by counsel at the time he filed the motion, his counsel did not adopt the motion, and the motion did not state that he requested to discharge his counsel. On appeal, he raises as error the trial court’s dismissal of this motion. He also claims that the circuit court erred in imposing $150 for costs of prosecution when the State did not seek or document those costs. We reverse.
 

 In
 
 Sheppard v. State,
 
 988 So.2d 74 (Fla. 2d DCA 2008), a case factually similar to Mr. Simmons’s, this court followed
 
 Grainger
 
 and adhered to the view that unless the defendant unequivocally states his desire to discharge counsel, the motion to withdraw the plea should be dismissed as a nullity. 988 So.2d at 76. In
 
 Sheppard,
 
 we also certified conflict with the Fourth District’s more expansive view in allowing a hearing on the merits of such a motion, as expressed in
 
 Peterson v. State,
 
 881 So.2d 1129 (Fla. 4th DCA 2004), and
 
 Bermudez v. State,
 
 901 So.2d 981 (Fla. 4th DCA 2005).
 
 Sheppard,
 
 988 So.2d at 79.
 

 Like the circuit court in
 
 Sheppard,
 
 in Mr. Simmons’s case the circuit court properly followed the district precedent of
 
 Grainger.
 
 While Mr. Simmons’s case was on appeal, the Florida Supreme Court quashed our opinion in
 
 Sheppard
 
 in
 
 Sheppard v. State,
 
 17 So.3d 275, 287 (Fla.2009) (quashing the Second District’s decision in
 
 Sheppard
 
 and approving the decisions of the Fourth District in
 
 Peterson
 
 and
 
 Ber-mudez
 
 ). It specifically held:
 

 In light of these conclusions, we outline the procedure trial courts should follow when a represented defendant files a pro se rule 3.170(i) motion based on allegations giving rise to an adversarial relationship such as counsel’s mis-advice, misrepresentation, or coercion that led to the entry of the plea. In these narrow circumstances, the trial court should not strike the pleading as a nullity even though the defendant did not also specifically include the phrase, “I request to discharge my counsel.” Rather, the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are pres
 
 *638
 
 ent. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant’s allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.
 

 Sheppard,
 
 17 So.3d at 286-87 (footnote omitted). Based on this recent supreme court pronouncement, we must reverse the dismissal of Mr. Simmons’s motion as a nullity and remand for the circuit court to consider his motion to withdraw based on the procedures outlined in
 
 Sheppard.
 

 We must also reverse, in part, the imposition of $150 for costs of prosecution. Section 938.27(8), Florida Statutes (2008),
 
 [1]
 
 provides:
 

 Costs for the state attorney shall be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged, including a proceeding in which the underlying offense is a violation of probation or community control. The court may set a higher amount upon a showing of sufficient proof of higher costs incurred.
 

 The State concedes that the circuit court erred in imposing the $50 amount over the mandatory $100 without requiring the State to provide documentation of the additional amount. Such additional amount may be reimposed if the State complies with the procedural requirements of the statute.
 
 See Munoz v. State,
 
 884 So.2d 1070, 1070 (Fla. 5th DCA 2004) (“Such costs may be reimposed if the state can produce the required documentation at a noticed hearing.”).
 

 Reversed and remanded for further proceedings in accordance with this opinion.
 

 ALTENBERND and MORRIS, JJ., Concur.
 

 [1]
 

 . The portion of the statute quoted here was added to section 938.27(8), effective July 1, 2008.
 
 See
 
 ch. 2008-111, § 43, at 1199, Laws of Fla.