ON REMAND FROM THE SUPREME COURT OF FLORIDA
SILBERMAN, Judge.
In Christiansen v. State, 26 So.3d 1287 (Fla.2009), the Supreme Court of Florida quashed this court’s decision in Christiansen v. State, 993 So.2d 173 (Fla. 2d DCA 2008), and directed this court on remand to reconsider the matter in light of the supreme court’s decision in Sheppard v. State, 17 So.3d 275 (Fla.2009). This court had relied upon its opinion in Sheppard v. State, 988 So.2d 74 (Fla. 2d DCA 2008), quashed, 17 So.3d 275 (Fla.2009), when it affirmed Christiansen’s judgment and sentence, reversed the denial of his pro se motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.170(i), and remanded for the trial court to strike the pro se motion as a nullity.
Christiansen asserted in his pro se motion that counsel coerced him into entering his plea, and he included factual allegations in support of his motion. Pursuant to the supreme court’s opinion in Sheppard, it is not appropriate to strike the motion as a nullity. See Sheppard, 17 So.3d at 286 (determining that a pro se motion to withdraw plea should not be stricken as a nullity when the defendant alleges that counsel coerced the defendant into entering the plea). In this situation, the supreme court explained that rather than striking the pro se motion,
the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant’s allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.
Id. at 287 (footnote omitted).
Therefore, we affirm the judgment and sentence, but we reverse the denial of the motion to withdraw plea and remand for the trial court to follow the procedures in the supreme court’s Sheppard opinion.
Affirmed in part, reversed in part, and remanded.
CASANUEVA, C.J, and CRENSHAW,[1] JJ., Concur.