PER CURIAM.
Appellant James S. Day, Jr. appeals from the denial of his amended motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion included four claims of ineffective assistance of counsel, and a claim that the trial court failed to rule on a post-sentence motion to withdraw plea. On appeal, the Appellant challenges only the summary denial of claims one and three (ineffective-assistance of counsel), and five (motion to withdraw plea). We affirm without comment the summary denial of claims one and three, but remand with directions for further proceedings on the outstanding motion to withdraw plea.
We reject the state’s argument that the motion to withdraw plea was untimely when accepted by the clerk’s office on December 1, 2008. In this case, the trial judge’s written sentencing order was rendered by filing with the clerk below on October 31, 2008. See Bermudez v. State, 901 So.2d 981, 984 (Fla. 4th DCA 2005), approved on other grounds in Sheppard v. State, 17 So.3d 275, 287 (Fla.2009). Florida Rule of Criminal Procedure 3.170(1) requires that a motion to withdraw plea after sentencing be filed within thirty days of sentencing. Although it is true that the thirtieth day after October 31, 2008 was Sunday, November 30, the motion to withdraw plea in appellant’s case was not untimely because under Florida Rule of Criminal Procedure 3.040:
In computing any period of time ... the last day of the period ... shall be counted, unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day that is neither a Saturday, Sunday, nor legal holiday....
Thus, the thirtieth day from rendition of the sentences imposed by the trial court was extended by rule 3.040 to December 1, 2008, making the motion to withdraw timely. Accordingly, summary denial of ground five was error.

*1091
Affirmed in part, reversed in part, and remanded with directions.

HAZOURI, DAMOORGIAN and GERBER, JJ., concur.